**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-01106-NRN

---

MIGHTY ARGO CABLE CAR, LLC,
a Colorado limited liability company,

        Plaintiff,

v.

TRIVECTA CAPITAL GROUP, INC., ARGO MILL SL LLC,
FIRST TITLE, INC., and SANDRA BACON, an individual

        Defendants.

---

**DEFENDANTS TRIVECTA CAPITAL GROUP, INC. AND ARGO MILL SL LLC'S
ANSWER, AND AFFIRMATIVE DEFENSES**

---

In answering Plaintiff Mighty Argo Cable Car, LLC's ("**Mighty Argo**") Complaint (the "**Complaint**"), Defendants Trivecta Capital Group, Inc. ("**Trivecta**") and Argo Mill SL LLC ("**Argo Mill**") (collectively, "**Defendants**") hereby admit, deny and affirmatively state as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Mighty Argo Cable Car, LLC ("**Mighty Argo**") is a Colorado limited liability company whose principal place of business is 1431 Miner St., Idaho Springs, CO 80452. There are fifty-five members of Mighty Argo none of whom are domiciled in Texas or Virginia.

    **RESPONSE:** Defendants state that they lack sufficient information to either admit or deny the allegations contained in Paragraph 1 and, therefore, deny the same.

2. Defendant Trivecta Capital Group, Inc. ("**Trivecta**") is believed to be a Texas corporation whose principal place of business is 2808 Fairmount, Suite 130, Dallas, TX 75201.

**RESPONSE:** Admitted.

3. Defendant Argo Mill SL, LLC ("**Argo Mill**"), is a Delaware limited liability company and an affiliate of Trivecta. Its principal place of business is 2808 Fairmount St., Suite 130 Dallas, TX 75201. The member of Argo Mill is Jay Matthiesen who resides in Dallas, Texas.

**RESPONSE:** Defendants admit that Argo Mill SL, LLC is a Delaware limited liability company and a wholly owned subsidiary of TriVecta. Defendant admits that Argo Mill's principal place of business is 2808 Fairmont St., Suite 130, Dallas, TX 75201. TriVecta is the sole member of Argo Mill SL, LLC. Jay Matthiesen resided in Dallas, Texas. Defendants deny the remaining allegations of Paragraph 3.

4. Defendant First Title, Inc. is believed to be a Virginia corporation whose principal place of business is 1320 Central Park Blvd., #200, Fredericksburg, VA 22401.

**RESPONSE:** Defendants state that they lack sufficient information to either admit or deny the allegations contained in Paragraph 4 and, therefore, deny them.

5. Defendant Sandra Bacon is the owner of Defendant First Title and resides in Virginia.

**RESPONSE:** Defendants state that they lack sufficient information to either admit or deny the allegations contained in Paragraph 5 and, therefore, deny them.

6. This Court has subject matter jurisdiction over Plaintiff's claims through diversity jurisdiction under 28 USC §1332. The matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. Moreover, complete diversity exists between the plaintiff and the defendants. The claims are between the Plaintiff, a Colorado limited liability company in the State of Colorado and the Defendants, a Texas corporation, a Virginia Corporation. U.S.C. §1391(d).

2

**RESPONSE:** Defendants state that they lack sufficient information to either admit or deny the allegations contained in Paragraph 6 and, therefore, deny them.

7. Personal jurisdiction is proper as Defendants transacted business in the State of Colorado during the time period in question and had sufficient minimum contacts with the State of Colorado. Venue is proper pursuant to 28 USC §1391(b)(2) as a substantial part of the events and omissions giving rise to the Plaintiff's claims occurred in this judicial district.

**RESPONSE:** Defendants admit that personal jurisdiction and venue are proper with respect to Defendants. Defendants state that they lack sufficient information to either admit or deny the allegations contained in Paragraph 7 with respect to other parties and, therefore, deny them.

## II.    GENERAL ALLEGATIONS

8. Plaintiff and Trivecta entered into negotiations for financing of a construction project to build a cable car/gondola in Idaho Springs Colorado in summer 2020. Trivecta represented, through its owner and agent Jay Matthiesen, that it could obtain the funds to finance the project if the Plaintiff could raise $4,500,000. Matthiesen represented that Trivecta or one of its affiliates could raise and loan $32,372,000 to complete the project.

**RESPONSE:** Defendants admit that Plaintiff and TriVecta entered into negotiations for financing of a construction project to build a cable car/gondola in Idaho Springs Colordo in summer 2020. Jay Matthiesen on behalf of TriVecta expected to obtain the financing for the project. Defendants admit that the ability to pursue the project depended on Plaintiff raising $4,500,000. Defendants deny that they made any representations that they

3

did not keep and deny the remainder of the allegations of Paragraph 8 not expressly admitted.

9. On August 19, 2020, Plaintiff entered into an Escrow Agreement with Trivecta Capital Group, Inc. and First Title, Inc. *See Exhibit B - Escrow Agreement*. Pursuant to the agreement, Plaintiff was to transfer $4,500,000 into the escrow account of First Title until the closing of the funding of the transaction by Trivecta. Trivecta was to deposit $32,372,000 into the escrow account. Following the deposit of all escrowed funds, pursuant to the Escrow Agreement, Plaintiff was to receive their escrowed funds and the Trivecta funds were to be used to fund the acquisition costs and construction of the cable car/gondola.

> **RESPONSE:** Defendants admit that on August 19, 2020, Plaintiff entered into an Escrow Agreement with TriVecta and First Title, Inc. attached as Exhibit B to the Complaint. Defendants deny that TriVecta was to deposit any funds into the escrow account, state that the Escrow Agreement speaks for itself and deny any allegations contrary to the express terms thereof.

10. Pursuant to the Escrow Agreement, Mighty Argo deposited the $4.5 million as required. Trivecta failed to deposit the $32,372,000 as required by the Escrow Agreement. Mighty Argo and Trivecta sent a demand for the immediate release of the escrowed funds pursuant to the Escrow Agreement dated February 22, 2021. *See Exhibit C - Demand for Immediate Release of Escrowed Funds*. Despite the demand to the escrow agent to immediately release the escrow funds, First Title failed and refused to release the funds to Mighty Argo.

> **RESPONSE:** On information and belief, Mighty Argo deposited the $4.5 million into the escrow account. Defendants deny that they were required by the Escrow Agreement to

deposit any funds into the escrow account and deny any allegations regarding obligations that conflict with the terms of the Escrow Agreement. Defendants admit that Mighty Argo and TriVecta sent a demand for the immediate release of the escrowed funds pursuant to the Escrow Agreement dated February 22, 2021, attached as Exhibit C to the Complaint and admit that, despite the demand to the escrow agent to immediately release the escrow funds, First Title, Inc. failed and refused to release the funds to Mighty Argo.

11. Upon information and belief, First Title and/or Trivecta engaged in fraudulent conduct with respect to the escrowed funds. Defendant Sandra Bacon had control of the escrowed funds. Upon information and belief, she transferred the escrowed funds out of First Title's account at Navy Federal to another account owned or controlled by her. Despite demands, she has refused to return the funds of Mighty Argo.

**RESPONSE:** Defendant TriVecta denies that it engaged in fraudulent conduct with respect to the escrowed funds. Defendants state that they lack sufficient information to either admit or deny the remaining allegations contained in Paragraph 11 and, therefore, deny them.

12. On January 20, 2021, Plaintiff Mighty Argo entered into a Construction Loan Agreement with Argo Mill SL, LLC an affiliate of Trivecta. Pursuant to the Construction Loan Agreement, Argo Mill would acquire the funding from Defendant Trivecta and use those funds to provide a loan to Plaintiff Mighty Argo to acquire and construct the cable car/gondola project. *See Exhibit D - Construction Loan Agreement*. Pursuant to the Construction Loan Agreement, Argo Mill was required to provide financing for the project. The loan amount to be provided was $33,900,000. The Construction Loan Agreement required Argo Mill to make an initial

payment and draw to pay expenses, charges, costs, and fees. Defendant Argo Mill failed to pay the initial draw and has not provided any funding for the project.

**RESPONSE:** Defendants admit that Plaintiff Mighty Argo and Argo Mill negotiated a Construction Loan Agreement. On January 13, 2021 signature pages were circulated to the parties requesting signatures and making clear that signatures would be held "pending final approval by TriVecta, and approval of all loan documents by the parties." That e-mail indicated that TriVecta would not be bound until various conditions were satisfied. The final documents were circulated as a Loan Document Package, including a Construction Loan Agreement dated January 20, 2021, with instructions that the executed documents were "to be held pending closing." Closing never occurred. One condition precedent to the deal was that Plaintiff Mighty Argo was to contribute cash equity equal to $4,500,000, which was the amount that was deposited in the escrow account at First Title. By Plaintiff's allegations in this Complaint, those funds were not available to close this deal. Defendants state that the Construction Loan Agreement document speaks for itself, deny any allegations contrary to the express terms of the document, and deny that they have failed to perform any obligations required by the document.

### III. FIRST CLAIM FOR RELIEF

**Breach of Contract against First Title, Inc.**

13. All of the previous allegations are incorporated as if fully set forth herein.

**RESPONSE:** The above responses are incorporated here by reference.

14. Plaintiff Mighty Argo had a contract agreement for the escrowed funds with First Title. Mighty Argo fully performed its obligations under the Escrow Agreement.

**RESPONSE:** Paragraph 14 is not directed at Defendants and no response is required. To the extent that an answer is required, Defendants admit that Mighty Argo had a contract agreement for the escrowed funds with First Title. The remaining allegations state legal conclusions to which no response is required.

15. First Title breached the Escrow Agreement by refusing to release to Mighty Argo the escrowed funds as demanded by Mighty Argo and Trivecta.

**RESPONSE:** Paragraph 15 is not directed at Defendants and no response is required. To the extent that an answer is required, Defendants admit the allegations of Paragraph 15.

16. As direct and proximate result of First Title's breach of contract, Mighty Argo has been damaged in an amount to be proven at trial.

**RESPONSE:** Paragraph 16 is not directed at Defendants and no response is required. To the extent that an answer is required, Defendants admit the allegations of Paragraph 16.

17. Paragraph 12 of the Escrow Agreement requires First Title to indemnify and hold harmless Mighty Argo for all loss, costs or expenses, including reasonable attorney's fees due to First Title's gross negligence or willful misconduct or unexcused failure to act in accordance with the provisions of this agreement. First Title has breached the agreement and breached the indemnity provision by failing to indemnify and reimburse Plaintiff for all loss costs or expenses, including reasonable attorney's fees, in connection with its unexcused failure and or willful misconduct in failing to return Mighty Argo's funds.

**RESPONSE:** Paragraph 17 is not directed at Defendants and no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 17 with

respect to their conduct, admit the allegations against First Title and deny the remaining allegations of Paragraph 17.

### IV.     SECOND CLAIM FOR RELIEF

### Promissory Estoppel against First Title, Inc.

18. All of the previous allegations are incorporated as if fully set forth herein.

**RESPONSE:** The above responses are incorporated here by reference.

19. First Title made representations and promises to Mighty Argo regarding the receipt, holding, and disbursement of Mighty Argo's funds. Mighty Argo is estopped to deny these promises.

**RESPONSE:** Paragraph 19 is not directed at Defendants and no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 19 with respect to their conduct.

### V.     THIRD CLAIM FOR RELIEF

### Unjust Enrichment against First Title, Inc.

20. All of the previous allegations are incorporated as if fully set forth herein.

**RESPONSE:** The above responses are incorporated here by reference.

21. Defendant First Title has been unjustly enriched and received a benefit at the Plaintiff's expense by intentionally refusing to return Plaintiffs escrowed funds.

**RESPONSE:** Paragraph 21 is not directed at Defendants and no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 21 with respect to its conduct, admit the allegations against First Title and deny the remaining allegations of Paragraph 21.

22. It would be unjust and inequitable to allow First Title to retain the monies escrowed by the Plaintiff. Justice requires that First Title disgorge all unjustly retained funds to Plaintiff.

**RESPONSE:** Paragraph 22 is not directed at Defendants and no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 22 with respect to their conduct, admit the allegations against First Title and deny the remaining allegations of Paragraph 22.

## VI. FOURTH CLAIM FOR RELIEF

**Breach of Contract against Trivecta Capital Group, Inc. and Argo Mill SL, LLC**

23. All of the previous allegations are incorporated as if fully set forth herein.

**RESPONSE:** The above responses are incorporated here by reference.

24. On August 9, 2020, Plaintiff Mighty Argo and Defendant Trivecta entered into an agreement for the funding of the construction project. To memorialize this contract, the parties entered into a summary of terms and conditions for senior construction loan dated August 9, 2020 (Term Sheet). The contract entered into between Mighty Argo and Trivecta required Trivecta to provide a loan to finance the marketing, construction, completion and stabilization of the project to build a cable car/gondola in Idaho Springs, Colorado. Pursuant to this loan agreement, Trivecta was to provide $32,372,000 for the funding of the project. Also pursuant to this agreement, Plaintiff Mighty Argo was to contribute cash equity equal to $4,500,000. This $4,500,000 was the amount that was deposited in the escrow account at First Title.

**RESPONSE:** Defendants incorporate their response to Paragraph 12 and state that the Agreement and any related Term Sheet speak for themselves. Defendants deny any allegations contrary to the explanation in response to Paragraph 12 above or to the express

terms of the Agreement and any related Term Sheet, and deny that they have failed to perform any obligations required by the Agreement and related Term Sheet.

*25.* Trivecta created a single purpose entity, Argo Mill, to make the construction loan as its affiliate. Trivecta and Argo Mill have breached Term Sheet and the Construction Loan Agreement with Plaintiff Mighty Argo and failed to provide the funds as required by the Construction Loan Agreement and the related term sheet. *See Exhibit E – Term Sheet and Exhibit D the Construction Loan Agreement.*

**RESPONSE:** TriVecta admits that it created a single purpose entity, Argo Mill, to make the construction loan as its affiliate. Defendants incorporate their responses to Paragraphs 12 and 24 above and deny any allegations inconsistent with those responses.

26. Mighty Argo has fully performed its obligations under the Construction Loan Agreement and the Term Sheet.

**RESPONSE:** Paragraph 26 states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 26. Plaintiff has failed to establish or even allege that it has satisfied the Conditions Precedent specified in Section 3.1 of the Construction Loan Agreement document, and specifically allege in Paragraph 31 that First Title and Sandra Bacon have fraudulently transferred Plaintiff's funds held in escrow to other accounts for their own benefit, making those funds unavailable as Equity to close the Construction Loan Agreement pursuant to Closing Requirement "z" in Exhibit C.

27. As a direct result of Defendant Trivecta's and Argo Mill breaches of the Construction Loan Agreement and the Term Sheet, Plaintiff Mighty Argo has been damaged in an amount to be proven at trial.

**RESPONSE:** Paragraph 27 states a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny that their conduct has damaged Plaintiff and deny the allegations of Paragraph 27.

### VII.   FIFTH CLAIM FOR RELIEF

### Promissory Estoppel against Trivecta Capital Group, Inc.

28. All of the previous allegations are incorporated as if fully set forth herein.

**RESPONSE:** The above responses are incorporated here by reference.

29. Trivecta made representations and promises to Mighty Argo regarding the funding of the construction project and it is estopped to deny them.

**RESPONSE:** Defendants deny the allegations of Paragraph 29. The allegations of Paragraph 29 are vague and ambiguous and do not identify any representations and promises. Defendants deny that they made any representations or promises that they did not keep and deny the remaining allegations of Paragraph 29.

### VII.   SIXTH CLAIM FOR RELIEF

Intentional Fraud and Fraudulent Concealment against First Title and Sandra Bacon

30. All of the previous allegations are incorporated as if fully set forth herein.

**RESPONSE:** The above responses are incorporated here by reference.

31. Upon information and belief, Defendants First Title and Sandra Bacon have fraudulently transferred Plaintiffs funds held in escrow to other accounts for their own benefit.

Further, these defendants have concealed the location of the funds or the accounts in which they are being held.

> **RESPONSE:** Paragraph 31 is not directed at Defendants and no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 31 with respect to their conduct, state that they lack sufficient information to either admit or deny the allegations contained in Paragraph 31.

32. The fraudulent transfers and concealment are material and have caused damages to Plaintiff in an amount to be proven at trial.

> **RESPONSE:** Paragraph 32 is not directed at Defendants and no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 32 with respect to their conduct, admit the allegations against First Title and Bacon and deny the remaining allegations of Paragraph 32.

33. These defendants conduct was fraudulent, malicious, willful and wanton. Plaintiff will seek exemplary damages when it is allowed to do so.

> **RESPONSE:** Paragraph 33 is not directed at Defendants and no response is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 33 with respect to their conduct, admit the allegations against First Title and Bacon and deny the remaining allegations of Paragraph 33.

## GENERAL DENIAL

Defendants deny any allegation not expressly admitted.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred because the Complaint, or portions thereof, fail or fails to state a claim against Defendants on which relief can be granted.

2. Plaintiff's claims against Defendants are barred, in whole or in part, because Defendants are not the real party in interest with respect to the causes of action and damages stated by Plaintiff; other parties are responsible for the wrongs alleged. Defendants' conduct did not cause the damages alleged in the Complaint.

3. Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff are due to the conduct of persons or entities over which Defendants exercised no control.

4. Plaintiff's claims against Defendants are barred, in whole or in part, because Defendants do not hold money belonging to Plaintiff.

5. Plaintiff's claims against Defendants are barred, in whole or in part, because Defendants did not supply false information for the guidance of Plaintiff in its business.

6. Plaintiff's claims against Defendants are barred, in whole or in part, because Defendants exercised reasonable care or competence in obtaining and communicating all relevant information.

7. Plaintiff's claims against Defendants are barred, in whole or in part, because Defendants attempted to work with Plaintiff to obtain the funds held by First Title, Inc., and/or Sandra Bacon.

8. Plaintiff is estopped from claiming any injury, loss or damages against Defendants because Plaintiff failed to make reasonable efforts to prevent or mitigate such injury, loss or damages.

9. Plaintiff is estopped to assert its claims against Defendants.

10. Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff failed to accurately state contractual obligations of Defendants and Plaintiff failed to fully perform the contract out of which the claims arise.

11. Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff's actions or inactions may have caused or contributed to the alleged damages.

12. Plaintiff's claims are barred, in whole or in part, as recovery on those claims against Defendants would unjustly enrich Plaintiff.

13. Plaintiff's claims against Defendants are barred, in whole or in part, for failure to satisfy conditions precedent to Defendants' obligations.  Specifically, the Conditions Precedent identified in Section 3.1 of the Construction Loan Agreement document attached to the Complaint as Exhibit D were not satisfied, the $4.5 million equity from Plaintiff was not available, and the deal never closed.

14. Plaintiff fails to plead fraud with the particularity required by F.R.C.P. 9(b).

15. Defendants lacked knowledge of, or intent to make, any false or misleading representations or omissions before or upon entering into the Agreements referenced in the Complaint.

16. Nothing said or left unsaid in this answer waives any of Defendants' arguments or defenses.  Defendants reserve the right to amend this answer and raise additional defenses, counterclaims and cross claims as this matter proceeds.

## **JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.

Respectfully submitted this 14 day of June, 2021.

>*/s/ Daniel W. Glasser*
>Daniel W. Glasser, No. 37716
>Baron (Barry) C. Bartel, No. 23040
>CHIPMAN GLASSER, LLC
>2000 S. Colorado Blvd.
>Tower One, Suite 7500
>Denver, CO 80222
>Phone Number: (303) 578-5780
>Fax Number: (303) 578-5790
>dglasser@chipmanglasser.com
>
>**Attorneys for Defendants TriVecta Capital Group, Inc. and Argo Mill SL LLC**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 14 day of June, 2021, I electronically filed the foregoing **DEFENDANTS TRIVECTA CAPITAL GROUP, INC. AND ARGO MILL SL LLC'S ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF system which will send notification of such filing.

**ROBINSON WATERS & O'DORISIO, P.C.**
Anthony L. Leffert, No. 12375
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 297-2600
(303) 297-2750


                                            */s/ Vanessa Roman*
                                            Vanessa Roman, Paralegal