UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 1:21-CV-01106-RBJ

MIGHTY ARGO CABLE CAR, LLC,
a Colorado limited liability company

       Plaintiff,

v.

TRIVECTA CAPITAL GROUP, INC, ARGO MILL SL LLC,
FIRST TITLE, INC., and SANDRA BACON; an individual; Chrisheena Shante McGee a.k.a. Christina Marius, an individual.

       Defendants.

## FIRST AMENDED VERIFIED COMPLAINT

Plaintiff Mighty Argo Cable Car, LLC by and through counsel, Anthony L. Leffert of Robinson Waters & O'Dorisio, P.C., hereby files its First Amended Complaint and claims for relief against Defendants and states and alleges the following:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Mighty Argo Cable Car, LLC ("Mighty Argo") is a Colorado limited liability company whose principal place of business is 1431 Miner St., Idaho Springs, CO 80452. There are fifty-five members of Mighty Argo none of whom are domiciled in Texas or Virginia. (*See Exhibit A – List of Members*).

2. Defendant Trivecta Capital Group, Inc. ("Trivecta") is believed to be a Texas corporation whose principal place of business is 2808 Fairmount, Suite 130, Dallas, TX 75201.

3. Defendant Argo Mill SL, LLC ("Argo Mill"), is a Delaware limited liability company and an affiliate of Trivecta. Its principal place of business is 2808 Fairmount St., Suite 130 Dallas, TX 75201. The member of Argo Mill is Jay Matthiesen who resides in Dallas, Texas.

4. Defendant First Title, Inc. is believed to be a Virginia corporation whose principal place of business is 1320 Central Park Blvd., #200, Fredericksburg, VA 22401.

5. Defendant Sandra Bacon is the owner of Defendant First Title and resides in Virginia.

5.6. Defendant Chrisheena Shante McGee a.k.a. Christina Marius, resides in Spring, Texas.

6.7. This Court has subject matter jurisdiction over Plaintiff's claims through diversity jurisdiction under 28 USC §1332. The matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. Moreover, complete diversity exists between the plaintiff and the defendants. The claims are between the Plaintiff, a Colorado limited liability company in the State of Colorado and the Defendants, a Texas corporation, a Virginia Corporation. U.S.C. §1391(d).

7.8. Personal jurisdiction is proper as Defendants transacted business in the State of Colorado during the time period in question and had sufficient minimum contacts with the State of Colorado. Venue is proper pursuant to 28 USC §1391(b)(2) as a substantial part of the events and omissions giving rise to the Plaintiff's claims occurred in this judicial district.

## II.   GENERAL ALLEGATIONS

8.9. Plaintiff and Trivecta entered into negotiations for financing of a construction project to build a cable car/gondola in Idaho Springs Colorado in summer 2020. Trivecta represented, through its owner and agent Jay Matthiesen, that it could obtain the funds to finance the project if the Plaintiff could raise $4,500,000. Matthiesen represented that Trivecta or one of its affiliates could raise and loan $32,372,000 to complete the project.

9.10.    On August 19, 2020, Plaintiff entered into an Escrow Agreement with Trivecta Capital Group, Inc. and First Title, Inc. *See Exhibit B - Escrow Agreement.* Pursuant to the agreement, Plaintiff was to transfer $4,500,000 into the escrow account of First Title until the closing of the funding of the transaction by Trivecta. Trivecta was to deposit $32,372,000 into the escrow account. Following the deposit of all escrowed funds, pursuant to the Escrow Agreement, Plaintiff was to receive their escrowed funds and the Trivecta funds were to be used to fund the acquisition costs and construction of the cable car/gondola.

10.11.    Pursuant to the Escrow Agreement, Mighty Argo deposited the $4.5 million as required. Trivecta failed to deposit the $32,372,000 as required by the Escrow Agreement. Mighty Argo and Trivecta sent a demand for the immediate release of the escrowed funds pursuant to the Escrow Agreement dated February 22, 2021. *See Exhibit C - Demand for Immediate Release of Escrowed Funds*. Despite the demand to the escrow agent to immediately release the escrow funds, First Title failed and refused to release the funds to Mighty Argo.

11.12.    Upon information and belief, First Title and/or Trivecta engaged in fraudulent conduct with respect to the escrowed funds. Defendants Sandra Bacon and Chrisheena McGee acted in concert and had control of the escrowed funds. Upon information and belief Defendants Bacon and McGee , fraudulently she transferred the escrowed funds out of First Title's account at Navy Federal to one or more another accounts owned or controlled by herboth of them. Despite demands, she Defendants Bacon and McGee haves refused to return the funds of Mighty Argo.

12.13.    On January 20, 2021, Plaintiff Mighty Argo entered into a Construction Loan Agreement with Argo Mill SL, LLC an affiliate of Trivecta. Pursuant to the Construction Loan Agreement, Argo Mill would acquire the funding from Defendant Trivecta and use those funds

to provide a loan to Plaintiff Mighty Argo to acquire and construct the cable car/gondola project. *See Exhibit D - Construction Loan Agreement*. Pursuant to the Construction Loan Agreement, Argo Mill was required to provide financing for the project. The loan amount to be provided was $33,900,000. The Construction Loan Agreement required Argo Mill to make an initial payment and draw to pay expenses, charges, costs, and fees. Defendant Argo Mill failed to pay the initial draw and has not provided any funding for the project.

### III.     FIRST CLAIM FOR RELIEF
#### Breach of Contract against First Title, Inc.

~~13.~~14.     All of the previous allegations are incorporated as if fully set forth herein.

~~14.~~15.     Plaintiff Mighty Argo had a contract agreement for the escrowed funds with First Title. Mighty Argo fully performed its obligations under the Escrow Agreement.

~~15.~~16.     First Title breached the Escrow Agreement by refusing to release to Mighty Argo the escrowed funds as demanded by Mighty Argo and Trivecta.

~~16.~~17.     As direct and proximate result of First Title's breach of contract, Mighty Argo has been damaged in an amount to be proven at trial.

~~17.~~18.     Paragraph 12 of the Escrow Agreement requires First Title to indemnify and hold harmless Mighty Argo for all loss, costs or expenses, including reasonable attorney's fees due to First Title's gross negligence or willful misconduct or unexcused failure to act in accordance with the provisions of this agreement. First Title has breached the agreement and breached the indemnity provision by failing to indemnify and reimburse Plaintiff for all loss costs or expenses, including reasonable attorney's fees, in connection with its unexcused failure and or willful misconduct in failing to return Mighty Argo's funds.

### IV.     SECOND CLAIM FOR RELIEF
#### Promissory Estoppel against First Title, Inc.

~~18.~~19.	All of the previous allegations are incorporated as if fully set forth herein.

~~19.~~20.	First Title made representations and promises to Mighty Argo regarding the receipt, holding, and disbursement of Mighty Argo's funds. Mighty Argo is estopped to deny these promises.

### V.	THIRD CLAIM FOR RELIEF
### Unjust Enrichment against First Title, Inc.

~~20.~~21.	All of the previous allegations are incorporated as if fully set forth herein.

~~21.~~22.	Defendant First Title has been unjustly enriched and received a benefit at the Plaintiff's expense by intentionally refusing to return Plaintiffs escrowed funds.

~~22.~~23.	It would be unjust and inequitable to allow First Title to retain the monies escrowed by the Plaintiff. Justice requires that First Title disgorge all unjustly retained funds to Plaintiff.

### VI.	FOURTH CLAIM FOR RELIEF
### Breach of Contract against Trivecta Capital Group, Inc. and Argo Mill SL, LLC

~~23.~~24.	All of the previous allegations are incorporated as if fully set forth herein.

~~24.~~25.	On August 9, 2020, Plaintiff Mighty Argo and Defendant Trivecta entered into an agreement for the funding of the construction project. To memorialize this contract, the parties entered into a summary of terms and conditions for senior construction loan dated August 9, 2020 (Term Sheet). The contract entered into between Mighty Argo and Trivecta required Trivecta to provide a loan to finance the marketing, construction, completion and stabilization of the project to build a cable car/gondola in Idaho Springs, Colorado. Pursuant to this loan agreement, Trivecta was to provide $32,372,000 for the funding of the project. Also pursuant

to this agreement, Plaintiff Mighty Argo was to contribute cash equity equal to $4,500,000. This $4,500,000 was the amount that was deposited in the escrow account at First Title.

25.26.    Trivecta created a single purpose entity, Argo Mill, to make the construction loan as its affiliate. Trivecta and Argo Mill have breached Term Sheet and the Construction Loan Agreement with Plaintiff Mighty Argo and failed to provide the funds as required by the Construction Loan Agreement and the related term sheet. *See Exhibit E – Term Sheet and Exhibit D the Construction Loan Agreement.*

26.27.    Mighty Argo has fully performed its obligations under the Construction Loan Agreement and the Term Sheet.

27.28.     As a direct result of Defendant Trivecta's and Argo Mill breaches of the Construction Loan Agreement and the Term Sheet, Plaintiff Mighty Argo has been damaged in an amount to be proven at trial.

## VII.    FIFTH CLAIM FOR RELIEF
**Promissory Estoppel against Trivecta Capital Group, Inc.**

28.29.    All of the previous allegations are incorporated as if fully set forth herein.

29.30.    Trivecta made representations and promises to Mighty Argo regarding the funding of the construction project and it is estopped to deny them.

## VII.    SIXTH CLAIM FOR RELIEF
**Intentional Fraud and Fraudulent Concealment against
First Title and Sandra Bacon and Chrisheena McGee**

30.31.    All of the previous allegations are incorporated as if fully set forth herein.

31.32.    Upon information and belief, Defendants First Title and Sandra Bacon and Chrisheena McGee have fraudulently transferred Plaintiffs funds held in escrow to other accounts for their own benefit. Further, these defendants have concealed the location of the funds or the accounts in which they are being held.

32.33.    The fraudulent transfers and concealment are material and have caused damages to Plaintiff in an amount to be proven at trial.

33.34.    These defendants conduct was fraudulent, malicious, willful and wanton. Plaintiff will seek exemplary damages when it is allowed to do so.

**WHEREFORE**, Plaintiff prays this Honorable Court will enter judgment in its favor and against the Defendants on the claims set forth above, to award compensatory damages, punitive damages, attorney's fees and costs, and such other and further relief as the court shall deem just and proper.

Respectfully submitted this _____ 21st day of April June 2021.

                                      **ROBINSON WATERS & O'DORISIO, P.C.**

                                      */s/Anthony L. Leffert*
                                      Anthony L. Leffert, #12375
                                      1099 18th Street, Suite 2600
                                      Denver, CO 80202
                                      (303) 297-2600
                                      (303) 297-2750 (f)
                                      aleffert@rwolaw.com
                                      *Attorneys for Plaintiff*

Plaintiff's Address:
1431 Miner Street
Idaho Springs, CO 80452

**Verification**

STATE OF COLORADO            )
                             )
CITY AND COUNTY OF _____ )


I, _____ verify that the foregoing is true and correct to the best of my knowledge and belief.

_____
Printed:
On behalf of Mighty Argo Cable Car, LLC


Acknowledged, subscribed, and sworn to before me this _____ day of _____ 2021.


_____          _____
My commission expires            Notary Public

{13290 - 001 - 00837399.DOCX / 1}                8