# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01106-RMR-NRN

MIGHTY ARGO CABLE CAR, LLC,
a Colorado limited liability company

        Plaintiff,

v.

TRIVECTA CAPITAL GROUP, INC, ARGO MILL SL LLC,
FIRST TITLE, INC., and SANDRA BACON; an individual; CHRISHEENA SHANTE MCGEE A.K.A. CHRISTINA MARIUS, an individual.

        Defendants.

---

## [PROPOSED] SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling/Planning Conference has been vacated in light of the reassignment of this case.

    a.    <u>Mighty Argo Cable Car, LLC  ("Plaintiff")</u>

        **ROBINSON WATERS & O'DORISIO, P.C.**
        Anthony L. Leffert, Esq.
        Samuel G. John, Esq.
        1099 18th Street, Suite 2600
        Denver, Colorado 80202
        (303) 297-2600
        aleffert@rwolaw.com
        sjohn@rwolaw.com

    b.    <u>Trivecta Capital Group, Inc. and Argo Mill SL LLC ("TriVecta Defendants")</u>

        **CHIPMAN GLASSER, LLC**
        Daniel W. Glasser, Esq.

        Barry C. Bartel, Esq.
        2000 S. Colorado Blvd.
        Tower One, Suite 7500
        Denver, Colorado 80222
        (303) 578-5780
        dglasser@chipmanglasser.com
        bbartel@chipmanglasser.com

c. <u>First Title, Inc. and Sandra Bacon ("First Title Defendants")</u>

        **THE DEYON LAW GROUP, PLLC**
        Derek H. Deyon, Esq.
        Texas State Bar Number: 24075862
        Admitted Into The District of Colorado
        440 Louisiana Street, Suite 900
        Houston, Texas 77002
        (346) 229 – 0106
        (346) 202 – 0230 Fax
        ddeyon@deyonlawgroup.com

d. <u>Chrisheena Shante McGee a.k.a. Christina Marius ("McGee Defendant")</u>.

        **THE DEYON LAW GROUP, PLLC**
        Derek H. Deyon, Esq.
        Texas State Bar Number: 24075862
        Admitted Into The District of Colorado
        440 Louisiana Street, Suite 900
        Houston, Texas 77002
        (346) 229 – 0106
        (346) 202 – 0230 Fax
        ddeyon@deyonlawgroup.com

## 2.    STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction based on diversity jurisdiction as the matter in controversy exceeds $75,000 and the Plaintiff is a Colorado limited liability company with its principal place of business located in Colorado while the TriVecta Defendants are citizens of Texas and the First Title Defendants are citizens of Virginia.

## 3.    STATEMENT OF CLAIMS AND DEFENSES

a.      Plaintiff's Statement:

This matter relates to financing for a construction project to build a cable car/gondola in Idaho Springs, Colorado. On August 9, 2020, Plaintiff entered into Term Sheet with Defendant Trivecta Capital Group, Inc. ("Trivecta") in which the parties agreed to finance the cable car/gondola project. Plaintiff was to provide $4,500,000 of its own money, and Trivecta was to provide a loan to Plaintiff in the amount of $32,372,000 to complete the project.

On August 19, 2020, Plaintiff entered into an escrow agreement with Defendants Trivecta and First Title, Inc. ("First Title") pursuant to which Plaintiff was to deposit $4,500,000 into the escrow account of First Title. Trivecta was to deposit into escrow its share of the funding, $32,372,000.

On January 20, 2021, Plaintiff entered into a Construction Loan Agreement with Trivecta's affiliate, Defendant Argo Mill SL, LLC ("Argo Mill"), pursuant to which Argo Mill would acquire the funding from Trivecta and use the funds to provide a loan to Plaintiff to acquire and construct the cable car/gondola project.

Plaintiff deposited the $4,500,000 as required, but Trivecta failed to deposit the $37,372,000. On February 22, 2021, Plaintiff demanded immediate release of the escrowed funds, but First Title refused to return it. Defendant Sandra Bacon had control of Plaintiff's funds at First Title, and she transferred them to another account owned or controlled by her.

Plaintiff asserts breach of contract, promissory estoppel, and unjust enrichment claims against First Title related to its improper handling of the escrowed funds. Plaintiff also asserts breach of contract claims against Trivecta and Argo Mill for breaching the Term Sheet and the Construction Loan Agreement. Plaintiff further asserts a claim for promissory estoppel against

Trivecta based on its representations and promises regarding the funding of the agreement. Plaintiff also asserts a claim for fraud and fraudulent concealment against First Title and Sandra Bacon for fraudulently transferring the escrowed funds. Plaintiff also seeks punitive damages.

      b.      <u>TriVecta Defendants' Statement</u>:

Plaintiff Mighty Argo and Argo Mill negotiated a Construction Loan Agreement. On January 13, 2021 signature pages were circulated to the parties requesting signatures and making clear that signatures would be held "pending final approval by TriVecta, and approval of all loan documents by the parties." That e-mail indicated that TriVecta would not be bound until various conditions were satisfied. The final documents were circulated as a Loan Document Package, including a Construction Loan Agreement dated January 20, 2021, with instructions that the executed documents were "to be held pending closing." Closing never occurred. One condition precedent to the deal was that Plaintiff Mighty Argo was to contribute cash equity equal to $4,500,000, which was the amount that was deposited in the escrow account at First Title. By Plaintiff's allegations in this Complaint, those funds were not available to close this deal.

      c.      <u>Statement concerning Defendants First Title and Sandra Bacon</u>: First Title Defendants never signed a written Escrow Agreement with Plaintiff concerning the subject matter of this case as evident by Exhibit B attached to Plaintiff's Complaint.

      d.      <u>Statement concerning Defendant McGee</u>: At this time, counsel who entered an appearance for Defendant McGee does not have sufficient information about this matter to provide a statement for this proposed Scheduling Order.

### 4.      UNDISPUTED FACTS

The following facts are undisputed: None at this time.

### 5. COMPUTATION OF DAMAGES

a.  <u>Plaintiff</u>:

Plaintiff seeks the return of its $4,500,000 plus compensatory damages, consequent damages, punitive damages, attorney's fees and costs.

b.  <u>TriVecta Defendants</u>:

The TriVecta Defendants seek judgment in their favor plus costs.

c.  <u>First Title Defendants</u>:

Does not seek any monetary damages at this time.

d.  <u>McGee Defendant</u>:

Does not seek any monetary damages at this time.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting: <u>July 9, 2021</u>

b.  Names of each participant and each party represented:

Anthony L. Leffert representing the Plaintiff. Barry C. Bartel representing Defendants TriVecta Capital Group, Inc. and Argo Mill SL LLC. Derek Deyon for Defendants First Title, Inc., Sandra Bacon, and Chrisheena Shante McGee a.k.a. Christina Marius.

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made:

All Parties will make their Rule 26(a)(1) disclosures within 30 days after the Parties' Rule 26(f) conference.

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ.P. 26(a)(1): <u>None at this time.</u>

e. Statement concerning any agreements to conduct informal discovery: <u>None</u>.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

The Parties will endeavor to use a uniform numbering system to ensure that exhibit numbers are not repeated.

g. Statement as to whether the Parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

The Parties believe that the claims and defenses will involve a moderate amount of electronically stored information. The Parties have taken the following steps with respect to such information:

i. <u>Plaintiff's Statement:</u>

1. Plaintiff has been advised by counsel that it is to preserve and maintain any materials, including all documents and records in hard copy and electronic form, which in any way may be relevant or relate to the matters at issue in this lawsuit.

2. Plaintiff will provide electronic versions of its discovery where feasible, each with an identifiable bates label.

3. Plaintiff's counsel plans to engage in discussions with Defendants' counsel in order to avoid discovery disputes relating to electronic discovery.

    4. Plaintiff plans to utilize their internal resources and services of their counsel to facilitate discovery of electronically stored information. Plaintiff plans to produce documents in readable electronic form to the extent possible to limit associated discovery costs.

  ii. <u>TriVecta Defendants' Statement</u>:

    The TriVecta Defendants join Plaintiff in the above commitments to discovery. As is clear from Plaintiff's Complaint and Computation of Damages, the TriVecta Defendants did not cause harm to Plaintiff and should be dismissed. Any discovery directed at the TriVecta Defendants should be minimal.

  iii. <u>First Title Defendants' Statement:</u>

    First Title Defendants join Plaintiff in the above commitments to discovery. Any discovery directed at First Title Defendants should be minimal.

  iv. <u>Defendant McGee Statement</u>:

    Defendant McGee joins Plaintiff in the above commitments to discovery. Any discovery directed at Defendant McGee should be minimal.

h. Statement summarizing the Parties' discussions regarding the possibilities for promptly settling or resolving the case:

The Parties have discussed settlement and early resolution options at the Rule 26(f) conference. Early resolution is very unlikely.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: ~~No modification.~~ Plaintiff shall be limited to 8 depositions, excluding experts. Each Defendant group shall be limited to 8 depositions, excluding experts.

b. Limitations which any party proposes on the length of depositions: ~~No modification from Fed. R. Civ. P. 30(d)(1), which limits each deposition to one day of seven (7) hours.~~ Depositions shall not exceed 7 hours for four deponents, exclusive of experts, all others limited to 4 hours.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission: ~~No modification.~~ Plaintiff shall be limited to 35 interrogatories, 35 requests for production, and 35 requests for admission. Each Defendant group shall be limited to 25 interrogatories, 25 requests for production, and 25 requests for admission.

d. Deadline for service of Interrogatories, Requests for Production of Documetns and/or Admissions: ~~September 15, 2021.~~ 45 days prior to the close of discovery.

e. Other Planning or Discovery Orders:  None.

## 9.  CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: ~~October 15, 2021~~ November 15, 2021.

 b. Discovery Cut-Off: May 31, 2022.

  i. ~~Close of Fact Discovery: April 11, 2022~~

  ii. ~~Close of Expert Discovery: May 31, 2022~~

 c. Dispositive Motion Deadline: July 1, 2022

  i. ~~Oppositions to Dispositive Motion Deadline: July 29, 2022~~

  ii. ~~Replies to Dispositive Motion Deadline: August 12, 2022~~

 d. Expert Witness Disclosure:

1. The Parties shall identify anticipated fields of expert testimony, if any.

   i. Plaintiff: None at this time.

   ii. TriVecta Defendants: None at this time.

   iii. First Title Defendants: None at this time.

   iv. Defendant McGee: None at this time.

2. Limitations that the Parties propose on the use or number of expert witnesses: Maximum two ~~per side~~ per party group.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: March 25, 2022

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: May 6, 2022

 e. Identification of Persons to be Deposed:

1. <u>Plaintiff's Identification:</u> The Plaintiff will seek to conduct the depositions of Sandra Bacon, Jay Matthiesen, and Chrissy McGee. Additional witnesses to be identified, and representatives of each Defendant.

2. <u>TriVecta Defendants' Identification:</u> To the extent Plaintiff alleges wrongdoing against the TriVecta Defendants or seeks damages against them, the TriVecta Defendants will seek to conduct the depositions of any persons Plaintiff claims has information supporting those allegations.

3. <u>First Title Defendants' Identification:</u> First Title Defendants will seek to conduct the depositions of any persons Plaintiff claims has information supporting those allegations.

4. <u>McGee Defendant's Identification:</u> McGee Defendant will seek to conduct the depositions of any persons Plaintiff claims has information supporting those allegations.

### 10. DATES FOR FURTHER CONFERENCE

a. Status conferences will be held in this case at the following dates and times: _____

A Telephonic Status Conference is set for February 9, 2022 at 10:30 a.m. before Magistrate Judge N. Reid Neureiter in Courtroom C203, Second floor, Byron G. Rogers Courthouse, 1929 Stout Street, Denver, Colorado 80294. The Court will set a Final Pretrial Conference and trial dates at that time. The parties

<div style="color:red;">are directed to call the conference line as a participant at (888) 398-2342, Access Code 5755390# at the scheduled time.</div>

b. A final pretrial conference will be held in this case on _____ at o'clock _____ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or other scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agrement: <u>None</u>.

b. Anticipated length of trial to the Court: <u>Five days.</u>

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301: <u>None</u>.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause. All parties <u>have not</u> consented to the exercise of jurisdiciton of a magistrate judge.

DATED at Denver, Colorado, this 9th day of September 2021.

BY THE COURT:

*/s/ N. Reid Neureiter*

N. Reid Neureiter
United States Magistrate Judge

APPROVED:

**ROBINSON WATERS & O'DORISIO, P.C.**

*/s/ Anthony L. Leffert*
Anthony L. Leffert, #12375
Samuel G. John, #55680
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 297-2600
aleffert@rwolaw.com
sjohn@rwolaw.com

**CHIPMAN GLASSER, LLC**

*/s/ Barry C, Bartel*
Daniel W. Glasser, #37716
Barry C. Bartel, #23040
2000 S. Colorado Blvd.
Tower One, Suite 7500
Denver, Colorado 80222
(303) 578-5780
dglasser@chipmanglasser.com
bbartel@chipmanglasser.com


**THE DEYON LAW GROUP, P.L.L.C.**

*/s/ Derek H. Deyon*
DEREK H. DEYON
Texas State Bar Number: 24075862
Admitted Into The District of Colorado
440 Louisiana Street, Suite 900
Houston, Texas 77002
(346) 229-0106
ddeyon@deyonlawgroup.com