IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-CV-01106-RBJ

MIGHTY ARGO CABLE CAR, LLC,
a Colorado limited liability company

    Plaintiff,

v.

TRIVECTA CAPITAL GROUP, INC, ARGO MILL SL LLC,
FIRST TITLE, INC., and SANDRA BACON; an individual; Chrisheena Shante McGee a.k.a. Christina Marius, an individual.

    Defendants.

---

### PLAINTIFF'S UNOPPOSED MOTION TO AMEND THE SCHEDULING ORDER TO EXTEND DEADLINES TO AMEND PLEADINGS AND JOIN PARTIES

---

Plaintiff Mighty Argo Cable Car, LLC ("Mighty Argo") by and through counsel, Anthony L. Leffert of Robinson Waters & O'Dorisio, P.C., hereby files its Unopposed Motion to Amend the Scheduling Order to Extend Deadlines to Amend Pleadings and Join Parties (the "Motion"). In support, Mighty Argo states as follows:

**CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1**

The undersigned certifies that he has conferred with Defendants' respective counsel by email regarding the relief sought in this Motion. Defendants do not oppose the relief sought in this Motion.

## PRELIMINARY STATEMENT

Mighty Argo seeks to modify paragraph 9(a) of the Scheduling Order to extend the deadline to amend pleadings and join parties to March 15, 2022.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 16(b)(4) allows the Court to amend a scheduling order for "good cause." *See,* Fed. R. Civ. P. 16(b)(4). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). Rather, a movant must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). This "requirement may be satisfied, for example, if a [movant] learns new information through discovery or if the underlying law has changed." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

This action relates in part to the mishandling of Mighty Argo's $4.5 million escrow account held by Defendant First Title, Inc. Following the Rule 26(f) meeting, Might Argo diligently pursued discovery. It exchanged initial disclosures and issued discovery requests to each Defendant. It also issued numerous subpoenas to various financial institutions to trace bank records related to the $4.5 million.

These efforts uncovered new information showing that additional parties benefited or participated in the mishandling of Mighty Argo's escrowed funds. Upon information and belief, over twenty (20) different entities and individuals either participated or received some of Mighty Argo's funds. It will take time to receive discovery documents, review the subpoenaed bank

records and investigate the individuals who received a portion of Mighty Argo's escrowed funds. Moreover, discovery may be impeded by a criminal investigation initiated by the FBI.

The deadline to join parties and amend pleadings is November 15, 2021. *See, Scheduling Order,* §9(a) (Dkt. 40). Mighty Argo intends to amend its Frist Amended Complaint and add defendants, but the discovery concerning the extent of the mishandled funds continues. To obtain a full picture of actors involved and the actions taken, Mighty Argo needs additional time to receive discovery responses, review documents and take depositions prior to the deadline to amend pleadings and add parties. This will avoid excessive amendments and ensure all parties relevant to this suit are joined. Accordingly, Mighty Argo seeks to amend section 9(a) of the Scheduling Order to extend the deadline to amend pleadings and add parties through March 15, 2022.

The Defendants do not oppose this request. The Scheduling Order was only recently entered on September 9, 2021. The current deadline to join parties and amend pleadings has not passed. Trial is not imminent and discovery cutoff would remain unaffected by this request.

**WHEREFORE**, Plaintiff requests this Court grant its Motion, enter an Order amending section 9(a) of the Scheduling Order to extend the dates to amend pleadings and join parties through and including March 15, 2022, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of October 2021.

**ROBINSON WATERS & O'DORISIO, P.C.**

*/s/Anthony L. Leffert*
Anthony L. Leffert, #12375
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 297-2600
(303) 297-2750 (f)
aleffert@rwolaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF FIILNG AND SERVICE

I hereby certify that on this 19th day of October 2021, a true and correct copy of the foregoing **PLAINTIFF'S UNOPPOSED MOTION TO AMEND THE SCHEDULING ORDER TO EXTEND DEADLINES TO AMEND PLEADINGS AND JOIN PARTIES** was filed with the Clerk of the Court and electronically served on the following via the Court's CM/ECF system:

**CHIPMAN GLASSER, LLC**
Daniel W. Glasser
Barry C. Bartel
2000 S. Colorado Blvd.
Tower One, Suite 7500
Denver, Colorado 80222
dglasser@chipmanglasser.com
bbartel@chipmanglasser.com
*Attorneys for Trivecta Capital Group, Inc. and Argo Mill SL LLC*

**THE DEYON LAW GROUP, PLLC**
Derek H. Deyon
440 Louisiana Street, Suite 900
Houston, Texas 77002
ddeyon@deyonlawgroup.com
*Attorney for First Title, Inc. and Sandra Bacon and Chrisheena Shante McGee a.k.a. Christina Mariusi*

*/s/ Carrie Reynolds*
Carrie Reynolds, Paralegal