IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-CV-01106-RBJ

MIGHTY ARGO CABLE CAR, LLC,
a Colorado limited liability company

        Plaintiff,

v.

TRIVECTA CAPITAL GROUP, INC, ARGO MILL SL LLC,
FIRST TITLE, INC., and SANDRA BACON; an individual; CHRISHEENA SHANTE MCGEE a.k.a. CHRISTINA MARIUS, an individual.

        Defendants.

---

**STATEMENT REGARDING DISCOVERY DISPUTE**

---

Plaintiff Mighty Argo Cable Car Company, LLC ("Mighty Argo"), hereby submits this Statement Regarding Discovery Dispute with Defendant First Title, Inc. ("First Title"), Defendant Sandra Bacon ("Bacon"), and Defendant Christina Marius ("Marius," together with First Title and Bacon "First Title Defendants"). This statement concerns the following discovery:

- First Title, Inc.'s responses to Mighty Argo's Interrogatories and Requests for Production of Documents (<u>Exhibit 1</u>); and

- The First Title Defendants' Initial Disclosures (Exhibit 2).

**<u>Joint Statement</u>**

Section E(3) of the Practice Standards requires a Joint Statement for discovery disputes. While Counsel for the First Title Defendants participated in the scheduling call with chambers, the First Title Defendants have not provided any insert for this statement. Undersigned counsel sent counsel for the First Title Defendants a copy of this Joint Statement on December 7, December 9,

and January 3.

## Plaintiff Mighty Argo's Position:

First Title Inc. ("First Title") filed its discovery responses 47 days late and objected to every request stating, "Plead the 5th Amendment." *See,* Exhibit 1. "The law is clear that a corporation cannot assert a privilege against self-incrimination." *U.S. v. Hansen Niederhauser Co., Inc.,* 522 F.2d 1037 (10th Cir. 1975). "Nor can a corporate officer refuse to produce corporate records on the ground of self-incrimination." *Id.* First Title, Inc. must respond to Plaintiff's discovery requests. *People ex rel. MacFarlane v. American Banco Corp.*, 570 P.2d 825, 194 Colo. 32 (Colo. 1977) ("Self-incrimination under the Fifth Amendment of the United States Constitution is not an issue as to a corporate entity.")

The First Title Defendants produced only 14 pages of documents for their initial disclosures. Counsel for Plaintiff raised this issue during the scheduling conference before the Court. Counsel for the First Title Defendants assured the Court and Plaintiff's counsel that the First Title Defendants would supplement their disclosures. To date, they have not. Fed. R. Civ. P. 26(a)(1)(A)(ii) requires the First Title Defendants to produce all documents that they "may use to support [their] claims or defenses…" Certainly, there are more than 14 pages that the First Title Defendants believe will support their defenses in this case.

Respectfully submitted this 5th day of January 2022.

           **ROBINSON WATERS & O'DORISIO, P.C.**

           */s/Nicholas F. Labor*
           Anthony L. Leffert, #12375
           Nicholas F. Labor, #48687
           1099 18th Street, Suite 2600
           Denver, CO 80202
           (303) 297-2600
           (303) 297-2750 (f)
           aleffert@rwolaw.com

nlabor@rwolaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of January 2022, I delivered a true and correct copy of the foregoing via CM/ECF electronic service to the following:

**CHIPMAN GLASSER, LLC**
Daniel W. Glasser
Barry C. Bartel
2000 S. Colorado Blvd.
Tower One, Suite 7500
Denver, Colorado 80222
dglasser@chipmanglasser.com
bbartel@chipmanglasser.com
*Attorneys for Trivecta Capital Group, Inc. and Argo Mill SL LLC*

**THE DEYON LAW GROUP, PLLC**
Derek H. Deyon
440 Louisiana Street, Suite 900
Houston, Texas 77002
ddeyon@deyonlawgroup.com
*Attorney for First Title, Inc. and Sandra Bacon and Chrisheena Shante McGee a.k.a. Christina Marius*

*/s/ Nina Olson*
Nina Olson, Paralegal
