**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-CV-01106-RMR-NRN

MIGHTY ARGO CABLE CAR, LLC,
a Colorado limited liability company

        Plaintiff,

v.

TRIVECTA CAPITAL GROUP, INC, ARGO MILL SL LLC,
FIRST TITLE, INC., CHRISHEENA SHANTE MCGEE a.k.a. Christina Marius, an individual,
and SANDRA BACON, an individual.

        Defendants.

---

**PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER TO EXTEND
DEADLINES FOR DISCOVERY CUTOFF, DISPOSITIVE MOTIONS AND EXPERT
DISCLOSURE**

---

Plaintiff Mighty Argo Cable Car, LLC ("Mighty Argo") by and through counsel, Anthony L. Leffert and Nicholas F. Labor of Robinson Waters & O'Dorisio, P.C., hereby files its Motion to Amend the Scheduling Order to Extend Deadlines for Discovery Cutoff, Dispositive Motions and Expert Disclosures (the "Motion"). In support, Mighty Argo states as follows:

**CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1**

Undersigned counsel certifies that pursuant to D.C.COLO.LCivR. 7.1(a), he has conferred with counsel for the Defendant First Title, Inc., Chrisheena McGee, and Sandra Bacon who does not oppose this Motion. Undersigned counsel conferred with counsel for Trivecta Capital Group, Inc. and Argo Mill SL, LLC who advised they plan to withdraw as counsel and take no position.

1

## PRELIMINARY STATEMENT

Mighty Argo seeks to modify the Scheduling Order to extend by sixty (60) days the deadlines for Discovery Cutoff, Dispositive Motions, and Expert Disclosure.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 16(b)(4) allows the Court to amend a scheduling order for "good cause." *See,* Fed. R. Civ. P. 16(b)(4). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). Rather, a movant must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). This "requirement may be satisfied, for example, if a [movant] learns new information through discovery or if the underlying law has changed." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

This action relates in part to the fraudulent mishandling of Mighty Argo's $4.5 million held in escrow.

The discovery necessary to determine the extent of the fraud was expansive. On October 19, 2021, Mighty Argo extended the deadline to amend the pleadings as it diligently pursued discovery. Mighty Argo has since issued numerous subpoenas to various financial institutions to trace bank records related to the $4.5 million. It issued discovery requests to the Defendants and participated in discovery dispute hearings requiring Trivecta and First Title to produce additional documents.

2

These efforts uncovered new information showing that additional parties benefited or participated in the mishandling of Mighty Argo's escrowed funds. Contemporaneously with this Motion, Mighty Argo files its Motion for Leave to File its Second Amended Complaint adding parties who benefited or participated in t he fraud. Considering the potential new claims and added parties, Mighty Argo seeks to amend the Scheduling Order. Mighty Argo seeks to extend deadlines by sixty (60) days, as follows:

1. Designation of Experts from March 25, 2022 to May 24, 2022 (*Scheduling Order,* [Dkt. 40], ¶ 9(b));

2. Designation of Rebuttal Experts from May 6, 2022 to July 5, 2022 (*Id.,* ¶ 9(c));

3. Discovery Cutoff from May 31, 2022 to July 30, 2022 (*Id.,* ¶ 9(d)(3)); and

4. Dispositive Motions from July 1, 2022 to August 30, 2022 (*Id.,* ¶ 9(d)(4).

These deadlines have not yet passed. Mighty Argo diligently pursued discovery in this matter. Extending these deadlines will enable this dispute to be presented on the merits after a full opportunity to understand and investigate this matter.

**WHEREFORE**, Plaintiff requests this Court grant its Motion, enter an Order amending the Scheduling Order to extend by sixty (60) days the deadlines for Discovery Cutoff (¶ 9(b)), Dispositive Motions (¶ 9(c)) and Expert Disclosure (¶¶ 9(d)(3)&(4)).

Respectfully submitted this 15th day of March 2021.

**ROBINSON WATERS & O'DORISIO, P.C.**

*/s/Nicholas F. Labor*
Anthony L. Leffert, #12375
Nicholas F. Labor, #48687
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 297-2600
(303) 297-2750 (f)

3

aleffert@rwolaw.com
nlabor@rwolaw.com
*Attorneys for Plaintiff*

### CERTIFICATE OF FIILNG AND SERVICE

I hereby certify that on this 15th day of March 2022, a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER TO EXTEND DEADLINES FOR DISCOVERY CUTOFF, DISPOSITIVE MOTIONS AND EXPERT DISCLOSURE** was filed with the Clerk of the Court and electronically served on the following via the Court's CM/ECF system:

**CHIPMAN GLASSER, LLC**
Daniel W. Glasser
Barry C. Bartel
2000 S. Colorado Blvd.
Tower One, Suite 7500
Denver, Colorado 80222
dglasser@chipmanglasser.com
bbartel@chipmanglasser.com
*Attorneys for Trivecta Capital Group, Inc. and Argo Mill SL LLC*

**THE DEYON LAW GROUP, PLLC**
Derek H. Deyon
440 Louisiana Street, Suite 900
Houston, Texas 77002
ddeyon@deyonlawgroup.com
*Attorney for First Title, Inc. and Sandra Bacon and Chrisheena Shante McGee a.k.a. Christina Marius*

By: */s/ Nina Olson*
Nina Olson, Paralegal