**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-CV-01106-RMR-NRN

MIGHTY ARGO CABLE CAR, LLC,
a Colorado limited liability company

Plaintiff,

v.

TRIVECTA CAPITAL GROUP, INC; ARGO MILL SL LLC; JAY MATTHIESEN, an individual; TRIVECTA CAPTIAL GROUP, LLC; MINT INTEREST GROUP, LLC; FIRST TITLE, INC., SANDRA BACON, an individual; and CHRISHEENA SHANTE MCGEE a.k.a. Christina Marius, an individual.

Defendants.

---

**PLAINTIFF'S MOTION FOR ENTRY OF CLERK'S DEFAULT AND FOR DEFAULT JUDGMENT AGAINST TRIVECTA CAPITAL GROUP, LLC, MINT INTEREST GROUP, LLC, TRIVECTA CAPITAL GROUP, INC., AND ARGO MILL SL, LLC**

---

Plaintiff Mighty Argo Cable Car, LLC ("Mighty Argo") by and through counsel, Anthony L. Leffert and Nicholas F. Labor of Robinson Waters & O'Dorisio, P.C., hereby files its Motion for Entry of Clerk's Default and for Default Judgment against Trivecta Capital Group, LLC, Mint Interest Group, LLC, Trivecta Capital Group, Inc., and Argo Mill SL, LLC.

## INTRODUCTION

Mighty Argo seeks default judgment against Trivecta Capital Group, LLC ("Trivecta, LLC") and Mint Interest Group, LLC ("Mint") because they have failed to answer the Second Amended Complaint.

Mighty Argo seeks default judgment against Trivecta Capital Group, Inc. ("Trivecta, Inc.") and Argo Mill SL, LLC ("Argo Mill") because they have not retained counsel within 30 days of the Court's March 22, 2022 Order.

**MOTION FOR ENTRY OF CLERK'S DEFAULT AND DEFAULT JUDGMENT**

Mighty Argo was the victim of a scheme to defraud it out of $4.5 million. Each Defendant either actively participated in the scheme or unlawfully received some of the proceeds.

On March 15, 2022, Mighty Argo moved to amend its Complaint to add three parties: Jay Matthiesen ("Matthiesen"), Trivecta, LLC and Mint (collectively, the "New Defendants"). (ECF 58).

On March 16, 2022, counsel for Trivecta, Inc. and Argo Mill moved to withdraw as counsel. (ECF 62).

On March 22, 2022, the Court granted counsel's Motion to Withdraw, and ordered that:

> Because Defendants Trivecta and Argo Mill are business entities, they are not permitted to appear pro se and must retain counsel. Defendants are permitted thirty (30) days to obtain counsel. *If counsel does not appear on behalf of these Defendants within thirty (30) days, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against them.*

(ECF 63) (emphasis added).

On March 23, 2022, the Court accepted Mighty Argo's Second Amended Complaint ("SAC"). (ECF 64 and 65).

On April 6, 2022, the New Defendants were personally served with the Summons, SAC, and Exhibits. (ECF 70); *See*, Affidavit of Nicholas Labor, attached as Exhibit 1, ¶5.

On May 5, 2022, Matthiesen filed his Answer and Affirmative Defenses, (ECF 71), but Trivecta, LLC and Mint did not.

To date, Trivecta, Inc. and Argo Mill have not retained counsel to participate in this lawsuit.

## I. Default Against Trivecta, LLC and Mint

To date, Trivecta, LLC and Mint have not answered or otherwise responded to the SAC. *Id.*, ¶6. The deadline for Trivecta, LLC and Mint to respond to the SAC was May 5, 2022. (ECF 64).

Pursuant to Fed. R. Civ. P. 55(a), 55(b)(1), and D.C.COLO.LCivR 55.1, Trivecta, LLC and Mint are entities, and not minors, incompetent persons or military members. *Id.*, at ¶7.

### a. Unjust Enrichment (Ninth Claim for Relief – against Trivecta, LLC and Mint)

Within its SAC, Mighty Argo's ninth claim for relief is for unjust enrichment against Trivecta, LLC and Mint. Trivecta, LLC and Mint received and transferred at least $150,000 of Mighty Argo's funds. *See*, Affidavit of Mary Jane Loevlie, ¶¶ 8-12, attached as Exhibit 2. This was done at Defendant Matthiesen's direction. *Id.*, at ¶8. After inducing Mighty Argo to deposit its funds with First Title, Inc., Matthiesen directed First Title, Inc. to transfer $150,000 to Trivecta, LLC. *Id.* Trivecta, LLC then transferred the funds to Mint. *Id.*, at ¶¶ 10-12.

Mighty Argo seeks default judgment against Trivecta, LLC and Mint for $150,000. Mighty Argo also seeks its prejudgment interest from October 21, 2020 (when Trivecta LLC received the $150,000) to the date of this Motion. *Id.*, at ¶13; *see also, Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1156 (10th Cir.2000) ("A federal court sitting in diversity applies state law, not federal law, regarding the issue of prejudgment interest.") (citation omitted); *Loughridge v. Chiles Power Supply Co*., 431 F.3d 1268, 1289 (10th Cir. 2005) ("[C.R.S.] 5–12–102 is to be liberally construed to permit recovery of prejudgment interest.").

Mighty Argo also asserted a claim for civil conspiracy against Trivecta, LLC, as detailed below.

## II. Default Against Trivecta, Inc. and Argo Mill

Trivecta, Inc. and Argo Mill had until April 21, 2022, to retain counsel. *Id.* To date, Trivecta, Inc. and Argo Mill have not retained counsel in violation of the Court's Order. (ECF 63).

### a. Breach of Contract (Fourth Claim for Relief – against Trivecta, Inc. and Argo Mill)

Trivecta, Inc. and Argo Mill agreed to loan Mighty Argo $32 million to finance Mighty Argo's gondola project if Mighty Argo deposited $4.5 million with Defendant First Title, Inc. *See generally*, *Second Amended Complaint* (ECF 65). This agreement was memorialized in a Term Sheet and a Construction Loan Agreement. *See* Exhibit D and E to the Original Complaint (ECF 1).

Mighty Argo performed its obligations under these agreements by depositing $4.5 million with First Title, Inc. Trivecta, Inc., and Argo Mill breached the agreements by (1) failing to deposit $32 million into escrow; (2) failing to loan Mighty Argo any money; and by Trivecta, Inc. conspiring with the remaining Defendants to steal Mighty Argo's $4.5 million. As a result of the breaches, Mighty Argo's gondola project was never funded and $4,356,532.97 of its $4,500,000 was absconded with by the Defendants. Exhibit 2, ¶¶ 2-7 (Loevlie Affidavit); *see also*, Exhibits 2-A, 2-B, 2-C, attached thereto. On its Breach of Contract claim against Trivecta, Inc. and Argo Mill, Mighty Argo seeks $4,356.532.97.

### b. Promissory Estoppel (Fifth Claim for Relief – against Trivecta, Inc.).

If default is granted on the Breach of Contract claim, Mighty Argo will dismiss the Promissory Estoppel claim. If the Breach of Contract claim is not granted, Mighty Argo seeks

$4,356.532.97 stemming from Trivecta, Inc.'s failure to fulfill its promises that it would finance Mighty Argo's gondola project and that it would loan Mighty Argo $32 million so long as Mighty Argo deposited $4.5 million with First Title Inc. Mighty Argo has been damaged by Trivecta, Inc.'s failure to fulfill its promises in the amount of $4,356,532.97. Exhibit 2, ¶¶ 2-7 (Loevlie Affidavit); *see also*, Exhibits 2-A, 2-B, 2-C, attached thereto.

**c. Civil Conspiracy (Eighth Claim for Relief – Against Trivecta, Inc. and Trivecta, LLC).**

Trivecta, Inc. and Trivecta, LLC had a meeting of the minds with the other Defendants to engage in a scheme to defraud Mighty Argo out of its $4.5 million. Trivecta, Inc. and Trivecta, LLC were used to induced Mighty Argo to deposit its money with First Title, Inc.; used to conceal of Mighty Argo's funds when Defendants transferred money to Trivecta, LLC (an undisclosed entity at the time); and used to delay the closing to allow the defendants more time to conceal the funds. Mighty Argo has been damaged by this conspiracy in the amount of $4,356,532.97. Exhibit 2, ¶¶ 2-7 (Loevlie Affidavit); *see also*, Exhibits 2-A, 2-B, 2-C, attached thereto.

**III. Damages**

Mighty Argo's claims for Unjust Enrichment, Breach of Contract, Promissory Estoppel, and Civil Conspiracy center on the $4,356,532.97 that Mighty Argo lost due to Defendants' actions. To the extent Mighty Argo obtains default judgment against the defaulting defendants on more than one claim, Mighty Argo does not seek to duplicate the $4,356,532.97. Mighty Argo seeks only the $4,356,532.97, jointly and severally, against the defaulting defendants, in addition to pre-judgment interest.

WHEREFORE, Plaintiff Mighty Argo Cable Car, LLC requests the Clerk of Court or this Court to:

(a) enter a Clerk's Default against Defendants Trivecta Capital Group, LLC, Mint Interest Group, LLC, Trivecta Capital Group, Inc. and Argo Mill SL, LLC;

(b) On its Unjust Enrichment claim, enter Default Judgment in favor of Mighty Argo and against Defendants Trivecta Capital Group, LLC and Mint Interest Group, LLC, jointly and severally, for a total of $168,801.64 including $150,000.00 in actual damages and $18,801.64 in prejudgment interest at 8% from October 21, 2020 through May 16, 2022;

(c) On its Breach of Contract claim, enter Default Judgment in favor of Mighty Argo and against Defendants Trivecta Capital Group, Inc. and Argo Mill SL, LLC, jointly and severally, for a total of $4,886,478.35, including $4,356,532.97 in actual damages and $529,945.38 in prejudgment interest at 8% from November 4, 2020 through May 16, 2022;

(d) In the alternative to the Breach of Contract claim against Defendant Trivecta Capital Group, Inc., on its Promissory Estoppel claim, enter Default Judgment in favor of Mighty Argo and against Defendant Trivecta Capital Group, Inc. for a total of $4,886,478.35, including $4,356,532.97 in actual damages and $529,945.38 in prejudgment interest at 8% from November 4, 2020 through May 16, 2022;

(e) On its Civil Conspiracy claim, enter Default Judgment in favor of Mighty Argo and against Defendant Trivecta Capital Group, Inc. and Trivecta Capital Group, LLC, for a total of $4,886,478.35, including $4,356,532.97 in actual damages

and $529,945.38 in prejudgment interest at 8% from November 4, 2020 through May 16, 2022;

(f) for post-judgment interest at 8% compounded annually; and

(g) for any further relief this Court deems proper.

Respectfully submitted this 16th day of May 2022.

**ROBINSON WATERS & O'DORISIO, P.C.**

*/s/Anthony L. Leffert*

Anthony L. Leffert, #12375
Nicholas F. Labor, #48687
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 297-2600
(303) 297-2750 (f)
aleffert@rwolaw.com
nlabor@rwolaw.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May, 2022, I delivered a true and correct copy of the foregoing to the following:

Trivecta Capital Group, Inc.
2808 Fairmount St., Suite 130
Dallas, TX 75201

Argo Mill SL LLC
2808 Fairmount St., Suite 130
Dallas, TX 75201

THE DEYON LAW GROUP, PLLC
Derek H. Deyon
440 Louisiana Street, Suite 900
Houston, Texas 77002
ddeyon@deyonlawgroup.com
*Attorney for First Title, Inc. and Sandra Bacon and Chrisheena Shante McGee a.k.a. Christina Marius*

Jay Matthiesen
2808 Fairmount Street, Suite 130
Dallas, TX 75201
jmatthi@trivectacapitalgroup.com

*/s/ Nina Olson*
Nina Olson, Paralegal