## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-CV-01106-RMR-NRN

MIGHTY ARGO CABLE CAR, LLC,
a Colorado limited liability company

        Plaintiff,

v.

TRIVECTA CAPITAL GROUP, INC; ARGO MILL SL LLC; JAY MATTHIESEN, an
individual; TRIVECTA CAPTIAL GROUP, LLC; MINT INTEREST GROUP, LLC;
FIRST TITLE, INC., SANDRA BACON, an individual; and CHRISHEENA SHANTE MCGEE
a.k.a. Christina Marius, an individual.

        Defendants.

---

### MIGHTY ARGO'S SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS
### MOTION FOR DEFAULT (ECF 72)

---

Plaintiff Mighty Argo Cable Car, LLC ("Mighty Argo") hereby files its Supplemental

Briefing in support of its Motion for Default (ECF 72). In support, Mighty Argo states as follows:

### INTRODUCTION

The Court held an evidentiary hearing on August 19, 2022, on Mighty Argo's Motion for

Default Judgment (ECF 72) against Trivecta Capital Group, Inc., Trivecta Capital Group, LLC,

Argo Mill SL, LLC, and Mint Interest Group, LLC (the "Defaulting Defendants"). One of Mighty

Argo's claims was for civil conspiracy against Trivecta, Inc. and Trivecta, LLC. Following the

evidentiary hearing, the Court asked for supplemental briefing on whether an underlying tort claim

must be brought to maintain a cause of action for civil conspiracy.

## CIVIL CONSPIRACY

To recover on a claim of civil conspiracy, the plaintiff must establish the following elements:

1. Two or more persons;
2. An object to be accomplished;
3. A meeting of the minds on the object or course of action;
4. An unlawful overt act; and
5. Damages proximately caused by the overt act.

*Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995); *see also* CJI-Civ. 27:1 (CLE ed.2018).

A civil conspiracy claim can be maintained where the plaintiff asserts either an object to be accomplished (*i.e.*, the purpose of the conspiracy) that is unlawful or a lawful object accomplished by unlawful means. *See Jet Courier, Serv., Inc. v. Mulei*, 777 P.2d 486, 502 (Colo. 1989). Colorado jury instructions define unlawful means as "the specific acts the plaintiff alleges were used to accomplish the conspiracy of which there is sufficient evidence and which would be unlawful under the applicable law." CJI-Civ. 27:2 (CLE ed. 2018).

A civil conspiracy is a derivative cause of action, meaning that it arises from some underlying and independently-actionable conduct. *Colorado Cmty. Bank v. Hoffman*, 338 P.3d 390, 397 (Colo. App. 2013). "If the acts alleged to constitute the underlying wrong provide no cause of action, then no cause of action arises for the conspiracy alone." *Id., quoting Bd. of Cnty. Commis. v. Park Cnty. Sportsmen's Ranch, LLP*, 271 P.3d 562, 572 (Colo. App. 2011).

This does not mean, however, that the underlying tortious conduct must be separately plead as a distinct cause of action. Rather, a Court could find that the conduct underpinning the conspiracy claim is tortious, regardless of whether said tort was pled separately.

Here, Mighty Argo detailed the tortious actions taken by Trivecta, Inc. and Trivecta, LLC giving rise to the civil conspiracy claim. Specifically, Mighty Argo stated these, and other defendants, committed one or more tortious acts in furtherance of the conspiracy, by:

    i.        Inducing Mighty Argo to deposit $4.5 million into escrow with First Title;

    ii.       Stealing and transferring most of Mighty Argo's $4.5 million out of the escrow accounts;

    iii.     Stealing and transferring $150,000 to Trivecta LLC;

    iv.     Using some of the $4.5 million for their own personal benefit;

    v.       Concealing the location of Mighty Argo's funds;

    vi.     Pushing back the closing date to allow these defendants more time to conceal the funds;

    vii.    Altering a Wells Fargo Bank Statement to show proof of funds and sending the altered bank statement to Mighty Argo to delay and prevent Mighty Argo's recovery; and

    viii.   Concealing or failing to disclose the Undisclosed Facts detailed in paragraphs 41-80.

*See, Second Amended Complaint,* ¶91. The Undisclosed Facts referenced in the last subsection include various fraudulent concealment measures taken by Trivecta, LLC's and Trivecta Inc.'s principal, Jay Matthiesen:

    a.    Failed to disclose that neither he nor Trivecta had the money to fund Mighty Argo's gondola project;

    b.    Failed to disclose the CFA between Trivecta and Champion Lending;

    c.    Failed to disclose that Champion Lending was affiliated with the First Title Defendants;

d.  Failed to disclose that he was incentivized to deposit Mighty Argo's money with First Title because he and his companies would receive a line of credit worth upwards of $50 million;

e.  Failed to disclose that he requested $150,000 relating to Mighty Argo's funds;

f.  Failed to disclose that he requested the $150,000 to be sent to an undisclosed entity, Trivecta, LLC;

g.  Failed to disclose that Trivecta, LLC received the $150,000 of Mighty Argo's funds;

h.  Failed to disclose that he transferred tens of thousands to his wife and to his business partners;

i.  Failed to disclose that he used the funds to renovate his house and for other personal expenses;

j.  Failed to disclose that Mighty Argo's $4.5 million was transferred out of the escrow accounts;

k.  Failed to disclose that he was tipping McGee off to the "demand" he made to McGee for return of the funds;

l.  Failed to disclose that he was requesting from McGee additional working capital relating to Mighty Argo's funds, after he knew the funds were transferred from the escrow accounts;

m.  Failed to disclose that McGee could not produce a bank statement showing the funds in the escrow accounts;

n.  Failed to disclose that he thought the funds were gone; and

o.  Failed to disclose McGee's clear indication that the funds would never be returned to Mighty Argo.

*Id.,* ¶80(a)-(o).

Mighty Argo's Second Amended Complaint details tortious conduct by Trivecta, Inc. and

Trivecta, LLC giving rise to the civil conspiracy claim. Clerk's default has already been entered

against the Defaulting Defendants. As established at the evidentiary hearing, and through Mighty Argo's Motion for Default Judgment (ECF 72), Mighty Argo suffered no less than $4,356,532.97 in damages as a result of Trivecta, Inc. and Trivecta, LLC's civil conspiracy.

## CONCLUSION

Mighty Argo respectfully requests this Court accept the supplemental briefing; enter default judgment against the Defaulting Defendants; award Mighty Argo its damages as detailed in the end of its Motion for Default Judgment; and for any further relief this Court deems appropriate.

Respectfully submitted this 24th day of August 2022.

ROBINSON WATERS & O'DORISIO, P.C.

*/s/ Nicholas F. Labor*
Anthony L. Leffert, #12375
Nicholas F. Labor, #48687

## CERTIFICATE OF FIILNG AND SERVICE

I hereby certify that on this 24th day of August 2022, I delivered a true and correct copy of the foregoing to the following:

Trivecta Capital Group, Inc.
2808 Fairmount St., Suite 130
Dallas, TX 75201

Argo Mill SL LLC
2808 Fairmount St., Suite 130
Dallas, TX 75201

Jay Matthiesen
2808 Fairmount Street, Suite 130
Dallas, TX 75201
jmatthi@trivectacapitalgroup.com

THE DEYON LAW GROUP, PLLC
Derek H. Deyon
440 Louisiana Street, Suite 900
Houston, Texas 77002
ddeyon@deyonlawgroup.com
*Attorney for First Title, Inc. and Sandra Bacon and*
*Chrisheena Shante McGee a.k.a. Christina Marius*

*/s/ Nina Olson*