# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-01106-NRN

**MIGHTY ARGO CABLE CAR, LLC,**

a Colorado limited liability company, Plaintiff,

v.

**TRIVECTA CAPITAL GROUP, INC.,
ARGO MILL SL LLC, JAY MATTHIESEN,**
an individual**, TRIVECTA CAPITAL GROUP, LLC,
MINT INTEREST GROUP, LLC, FIRST TITLE, INC.,
SANDRA BACON**, an individual, and **CHRISHEENA
SHANTE MCGEE**, a/k/a Christina Maurius, an individual,

Defendants.

## DEFENDANT JAY MATTHIESEN'S MOTION TO AMEND SCHDEULING ORDER TO EXTEND DEADLINES

**NOW COMES** Defendant Jay Matthiesen ("Matthiesen" or "Defendant Matthiesen"), by and through counsel, Christine Cole-Biederman, Esq., who files this Motion to Amend the Scheduling Order to Extend Deadlines for Discovery Cutoff, Dispositive Motions and Expert Disclosures (the "Motion"). In support, Defendant Matthiesen shows the following:

### CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1

Undersigned counsel certifies that pursuant to D.C.COLO. LCivR. 7.1(a), she has conferred with counsel for the Plaintiff, Mighty Argo Cable Car, LLC. (hereinafter, "Mighty Argo"), and that counsel for Mighty Argo does oppose this Motion. Undersigned counsel also certifies that she has attempted on multiple occasions to confer with Derek Deyon, counsel for

Defendants First Title, Inc., Chrisheena McGee, and Sandra Bacon, to attempt to learn whether Mr. Deyon opposes this Motion, but that Mr. Deyon has not responded to Ms. Cole-Biederman's calls and emails.

## PRELIMINARY STATEMENT

Defendant Matthiesen seeks to Modify the Scheduling Orders previously entered by this Court in order to extend the current Discovery Cutoff, as well as the deadlines for Dispositive Motions and Expert Disclosure(s), by periods ranging from thirty (30) to ninety (90) days, as further specified herein, below.

## FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a "hard money"[1] loan that the Plaintiff sought in order to build a cable car/gondola project in Idaho Springs, Colorado. In the summer of 2020, Bryan McFarland, a "Partner-Development" with Plaintiff Mighty Argo, reached out to Defendant Matthiesen for help in sourcing financing for Mighty Argo's would-be cable car project.[2] Defendant Matthiesen is in the business of trying to obtain financing for commercial real estate developers such as Mighty Argo and for projects like the one Mighty Argo hoped to bring to fruition.

Matthiesen contacted his network of commercial loan brokers and private lenders, and soon came up with a potential source of capital who indicated they were willing to make the

---

[1] "Hard money lending" is a type of lending that is frequently employed in commercial real estate development. Generally speaking, it involves short-term, asset-backed loans obtained from private lenders and/or investors.

[2] Defendant Matthiesen is an architect by education and training. He has known and worked with Brian McFarland, a "Partner-Development" with Plaintiff Mighty Argo, on various commercial real estate projects over a period of approximately 20 years.

loan[3]: Champion Lending Services, a company ostensibly based in Houston, Texas and owned by or affiliated with Defendant Chrisheena Shante McGee, a/k/a Christina Maurius. Ms. McGee/Maurius, in turn, insisted that, as a condition of her making the loan, Mighty Argo would have to deposit a certain amount into escrow with Co-Defendant First Title, a title company owned and operated by Co-Defendant Sandra Bacon.

Unfortunately, over the next six months, it gradually became clear that Defendants McGee/Marius, Bacon and First Title had defrauded both Defendant Matthiesen and the Plaintiff and had absconded with $ 4.5 million that the Plaintiff, Mighty Argo, had placed into escrow.

From the moment it first appeared that the Plaintiff's money had been stolen, Defendant Matthiesen has tried valiantly to help the Plaintiff determine exactly what happened and to recover the missing funds. He joined in the Plaintiff's demand(s) that the escrow money be returned. He even drove to Houston to try to track down Chrisheena McGee, and to inspect her purported place of business to see if the office really existed.[4] Plaintiffs, meanwhile, wasted no time in trying to trace the missing funds. They brought the instant suit in April of 2021, less than two months after it became clear that the $ 4.5 million that was supposed to be in escrow with Defendant First Title was missing.

---

[3] Technically, the loan was to be made to Defendant Trivecta Capital Group, Inc, a company wholly owned by Defendant Matthiesen, in an amount sufficient to allow one of Defendant Matthiesen's companies to provide financing for Mighty Argo's project as well as for several of Matthiesen's other clients' projects.

[4] Defendant Matthiesen has never personally met the other Defendants and had never done business with any of them before attempting to arrange the loan that is the subject of this lawsuit.

Initially, the Plaintiff did not sue Matthiesen personally, but only named two of his companies, Trivecta Capital Group, Inc. and Argo Mill SL, LLC,[5] as defendants.[6] In March of this year, however, the Plaintiff's legal and factual theories went in an entirely new direction. On March 15, 2022, the Plaintiff sought leave to file its Second Amended Complaint (the "SAC"), suing Defendant Matthiesen personally[7] and claiming that Matthiesen *knowingly* "participated in the mishandling of Mighty Argo's escrowed funds" and generally conspired with Defendants McGee, Bacon and First Title to steal Mighty Argo's money.

At the same time, Matthiesen ran out of funds with which to litigate. In March of 2022, Matthiesen's previous counsel moved to withdraw for non-payment.[8] Thus, from late March of 2022 until just last week, Matthiesen has been representing himself pro-se.[9] Even without counsel, he has managed to respond to all of the discovery and other pleadings that the Plaintiff has sent him and has participated in all status conferences that he was required to participate in.[10] However, Matthiesen has not had a fair opportunity to engage in discovery on his own

---

[5] Argo Mill SL, LLC ("Argo Mill) is a single-purpose entity that Defendant Matthiesen formed to make the contemplated loan to the Plaintiff. Because the loan to Plaintiff never closed and was never funded, Argo Mill has never done any business.

[6] The only causes of action asserted against Trivecta and Argo Mill in Plaintiff's Original and First Amended Complaints were for breach of contract and promissory estoppel.

[7] The Court granted Plaintiff's Motion to file its Second Amended Complaint on March 23, 2022. The causes of action added against Matthiesen personally for the first time in the SAC include fraud, civil conspiracy, unjust enrichment and "civil theft" under Colorado law.

[8] Defendant Matthiesen's previous counsel was allowed to withdraw by an Order of this Court dated March 22, 2022. Again, however, they were only representing two of Defendant Matthiesen's companies, and not Matthiesen personally.

[9] The Plaintiff's SAC also added two more companies owned by Defendant Matthiesen, a Texas LLC named Trivecta Capital Group LLC and a Texas LLC named Mint Interest Group, LLC. At the time Matthiesen's previous counsel withdrew, Defendant Matthiesen was also ordered to retain counsel for his corporate entities within 30 days. Although Defendant Matthiesen tried to do so, he was unable to come up with the mid-five-figure retainer demanded by all the lawyers he tried to hire.

[10] Specifically, Defendant Matthiesen has filed an Answer to the Plaintiff's SAC; has participated in a telephonic Scheduling/Status Conference; has responded to the Plaintiff's Request for Production and has produced the

behalf,[11] and it appears that his previous counsel did not conduct any discovery on behalf of Matthiesen's companies prior to the time they withdrew.

Defendant Matthiesen has now finally managed to scrape together the funds to hire counsel to help him defend himself personally from the Plaintiff's rather fanciful conspiracy claims. Accordingly, Defendant Matthiesen seeks to extend the following deadlines by thirty (30) to ninety (90) days from the date of this Motion, as follows:

1. Designation of Experts from May 24, 2022 to September 30, 2022 (*Amended Scheduling Order* [Dkt. 64]);

2. Designation of Rebuttal Experts from July 5, 2022 to November 1, 2022 (*Id.)*;

3. Expert Witness disclosures under Rule 26 (a)(2) from March 25, 2022 to October 15, 2022 ([Dkt. 40] ¶ 9(d));

4. Rebuttal Expert disclosures under Rule 26 (a)(2) from May 6, 2022 to November 1, 2022 (*Id.*, ¶ 9(d));

5. Discovery Cutoff from August 31, 2022 to November 30, 2022 [Dkt. 88]; and

6. Dispositive Motions from August 30, 2022 to November 30, 2022 [Dkt. 64].

Although most of these deadlines (e.g., for designation of experts and rebuttal experts) have already passed, one (the Discovery Cutoff) has not.[12]

## LEGAL ARGUMENT

---

requested documents; has responded to the Plaintiff's Request for Admissions; and filed a Motion for Protective Order when he and the Plaintiffs were initially unable to agree on a date for his deposition.  All of these responses were made in a timely fashion and in accordance with the Orders issued by this Court while Matthiesen was without counsel

[11] The Plaintiff's SAC includes many vague but dramatic-sounding allegations of wrongdoing by Defendant Matthiesen—for example, allegations that Matthiesen "engaged in [unspecified] fraudulent conduct" and "made [unspecified] representations and promises…and is estopped to deny them."  *See, e.g.*, Second Amended Complaint, paragraphs 15, 33.  Furthermore, the SAC alleges that Defendant Matthiesen made all sorts of statements and admissions that he has no recollection of making, without specifying the source of these allegations.  *See, e.g.,* Second Amended Complaint, paragraphs 69, 71, 73.  In sum, the SAC is long on intrigue and extremely short on specifics.

[12] Admittedly, this last deadline will pass today, August 31, 2022..

Federal Rule of Civil Procedure 16(b)(4) permits the Court to modify a scheduling order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether a movant has demonstrated "good cause" within the meaning of Rule (16(b)(4), federal courts have focused primarily on the movant's diligence in attempting to meet previous scheduling deadlines, as well as upon whether new developments uncovered in the course of litigation or other late-developing factors weigh in favor of extending the Court's deadlines. *See, e.g.*, *Minter v. Prime Equip Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006); *see also Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

Defendant Matthiesen is not a wealthy man. He is a middle-class professional caught up in a figurative train wreck not of his own making. Even without the benefit of counsel, he has tried diligently to do what has been required of him in this litigation.[13] Specifically, Defendant Matthiesen has filed an Answer to the Plaintiff's SAC; has participated in a telephonic Scheduling/Status Conference; has responded to the Plaintiff's Request for Production and has produced the requested documents; has responded to the Plaintiff's Request for Admissions; and has negotiated his deposition date, for which he presented himself last week as scheduled. All of this was done in a timely fashion.[14]

Moreover, at the time most of the current scheduling order deadlines passed, Matthiesen was without counsel and thus had no idea that he needed to conduct his own discovery or even to seek to amend court's scheduling deadlines. He has no clue what needs to be done to prepare a case such as this for trial, and, for that matter, no clue that his previous counsel had apparently

---

[13] *See* footnote 10, *supra*.

[14] When Defendant Matthiesen and the Plaintiff were initially unable to agree on a date for Matthiesen's deposition, Matthiesen duly filed a Motion for Protective Order, automatically suspending the noticed deposition date.

conducted little or no discovery on behalf of his corporate entities prior to withdrawing as counsel.[15]  Thus, Matthiesen has had no realistic and meaningful opportunity to comply with the Court's various scheduling order deadlines in this matter, and fundamental fairness demands that he be given the opportunity to conduct at least some bare-bones discovery in order to defend himself and his reputation from the vague and scandalous allegations scattered throughout the Plaintiff's SAC.[16]

Moreover, during the discovery that *has* taken place while Defendant Matthiesen was representing himself, the Plaintiff has made a number of factual allegations for which, to the best of Matthiesen's knowledge, the Plaintiff has no evidence.  It has also become clear that Matthiesen needs to hire an expert to help the jury understand the norms and standards applicable to the world of "hard money" lending, and to explain the various steps and standards involved in making those loans.  And it appears that one or more dispositive motions will likely be required, since, as the Plaintiff's SAC clearly shows, several of the Plaintiff's theories of recovery rely on Colorado law in this diversity action wherein key acts took place and contracts were drafted and signed in Virginia and in Texas.  Thus there are complicated choice of law issues involved that would best be decided before trial by means of various dispositive motions.

In short, this is not a case in which the Defendant has spent months or even years resisting the discovery process and avoiding court rulings.  *Cf. Zander v. Knight Transportation*, No. 13-4016-RDR (D. Ka. 2013); *accord Klein-Becker USA, LLC v. Englert*, No. 12-4076, (10th

---

[15] Since, as a general rule, discovery is not filed in the federal courts, it is obviously difficult or impossible for the undersigned counsel to determine exactly what discovery, if any, Matthiessen's previous counsel conducted.  However, the undersigned has been told by Nicholas Labor, counsel for the Plaintiff, that Matthiesen's counsel did not conduct any discovery, on Matthiesen's behalf or on behalf of Matthiesen's companies.

[16] *See* footnote 11, *supra*.

Cir. 2013). Throughout the discovery period, and even without counsel, Defendant Matthiesen has been diligent in responding to the Plaintiff's requests and to the Court's Orders. He has repeatedly agreed to the Plaintiff's many, many requests for extension(s) of the Court's scheduling orders. He has produced mountains of bank records and other documents requested by the Plaintiffs, even for companies Matthiesen has owned for years and that played no role in the transactions that are the subject of Plaintiff's lawsuit. Furthermore, it does not appear that this case has been set for trial. Thus the Plaintiff will suffer no prejudice by reason of the short extensions in scheduling deadlines that Defendant Matthiesen now seeks herein.

Fundamental fairness and justice demand that Matthiesen's Motion be granted and that Defendant Matthiesen be given some chance to conduct at least minimal discovery and to properly defend himself, aided by counsel.

**WHEREFORE**, Defendant Jay Matthiesen requests this Court grant this Motion, and enter an Order amending the Scheduling Order to extend the deadlines for the Discovery Cutoff, for Dispositive Motions, and for Designating Experts and requiring Expert Reports, as requested above.

Respectfully submitted this 31st day of August 2022.

/s/ Christine Cole-Biederman
Christine Cole-Biederman
Texas State Bar no. 04536600
The Law Office of Christine Cole-Biederman
2808 Fairmount Street, Suite 130
Dallas, Texas 75201
Phone: 214-232-2532
Email: christinebiederman@yahoo.com
*Attorney for Defendant Jay Matthiesen, Individually*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 31st day of August, 2022, a true and correct copy of the foregoing **DEFENDANT JAY MATTHIESEN'S MOTION TO AMEND SCHEDULING ORDER TO EXTEND DEADLINES** was filed with the Clerk of the Court and electronically served on the following via the Court's CM/ECF system:

Anthony L. Leffert
Nicholas F. Labor
1099 18th Street, Suite 2600
Denver, CO 80202
(303) 297-2600
(303 297-2750(f)
aleffert@rwolaw.com
nlabor@rwolaw.com
*Attorneys for Plaintiff*


Derek H. Deyon
440 Louisiana Street, Suite 900
Houston, Texas 77002
ddeyon@deyonlawgroup.com
*Attorney for First Title, Inc. and Sandra Bacon and Chrisheena Shante McGee a.k.a. Christina Marius*

                                                By: /s/ Christine Cole-Biederman
                                                Christine Cole-Biederman
                                                *Attorney for Defendant Jay Matthiesen, Individually*