IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01106-RMR-NRN

MIGHTY ARGO CABLE CAR, LLC, a Colorado limited liability company,

Plaintiff,

v.

TRIVECTA CAPITAL GROUP, INC.; ARGO MILL SL LLC; JAY MATTHIESEN, an individual; TRIVECTA CAPITAL GROUP, LLC; MINT INTEREST GROUP, LLC; FIRST TITLE, INC.; SANDRA BACON, an individual; CHRISHEENA SHANTE McGEE a.k.a. CHRISTINA MARIUS, an individual;

Defendants.

---

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST TRIVECTA CAPITAL
GROUP, LLC, MINT INTEREST GROUP, LLC, TRIVECTA CAPITAL GROUP, INC.,
and ARGO MILL SL, LLC (Dkt. #72)**

---

**N. Reid Neureiter
United States Magistrate Judge**

This matter is before the Court pursuant to an Order by Judge Regina M. Rodriguez (Dkt. #77) referring Plaintiff's Motion for Entry of Clerk's Default and For Default Judgment Against Trivecta Capital Group, LLC, Mint Interest Group, LLC, Trivecta Capital Group, Inc., and Argo Mill SL, LLC ("Motion for Default Judgment"). (Dkt. #72[1]). The Court held an evidentiary hearing on August 19, 2022. (*See* Dkt. #93). During the hearing, the Court ordered additional briefing regarding whether Plaintiff was required to bring an underlying tort claim for its civil conspiracy claim to survive, or

---

[1] This motion also sought entry of clerk's default, which was entered on June 23, 2022. (Dkt. #78.)

1

whether it was sufficient that it pled facts that would support a tort claim. (*Id.*) Plaintiff filed its supplemental brief on August 24, 2022. (Dkt. #94.)

The Court has taken judicial notice of the Court's file and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, it is **RECOMMENDED** that the Motion for Default Judgment be **GRANTED**.

## BACKGROUND

### I. FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Second Amended Complaint. (Dkt. #65.) Allegations against the defendants in default are deemed true for the purposes of the Motion for Default Judgment. *Fed. Fruit & Produce Co. v. Red Tomato, Inc.,* Civ. Action No. 08–cv–0114–RPM–MEH, 2009 WL 765872, *3 (D. Colo. March 20, 2009) (citations omitted).

Plaintiff sought to construct a gondola in Idaho Springs, Colorado. Defendant Trivecta Capital Group, Inc. ("Trivecta Inc.") and Plaintiff entered into negotiations to finance the project. Trivecta Inc., through its owner Defendant Matthiesen, represented that one or more of its affiliates could raise and loan more than $32 million to complete the project if Plaintiff could raise $4.5 million.

On August 19, 2020, Plaintiff entered into an Escrow Agreement with Trivecta Inc. and Defendant First Title, Inc. ("First Title"). Pursuant to the Escrow Agreement, Plaintiff was to transfer its $4.5 million into the escrow account until the closing of the funding of the transaction by Trivecta Inc., and Trivecta Inc. was to deposit the approximately $32 million in funds comprising the construction loan. Following the deposit of all escrowed funds, pursuant to the terms of the Escrow Agreement, Plaintiff

was to receive its escrowed funds, and the funds from Trivecta Inc. were to be used to finance the acquisition and construction costs associated with the gondola. Plaintiff performed its end of the bargain; from August 19, 2020 to November 4, 2020, Plaintiff deposited approximately $4.5 million into the escrow account.

Additionally, on January 20, 2021, Plaintiff entered into a Construction Loan Agreement with Argo Mill SL, LLC, ("Argo Mill"), a single purpose entity created by Trivecta to make the construction loan as an affiliate. Pursuant to the Construction Loan Agreement, Argo Mill would acquire the funding from Trivecta Inc. and use those funds to provide a loan to Plaintiff to acquire and construct the cable car/gondola project. Pursuant to the Construction Loan Agreement, Argo Mill was required to provide financing for the project. The loan amount to be provided was $33,900,000. The Construction Loan Agreement required Argo Mill to make an initial payment and draw to pay expenses, charges, costs, and fees. To memorialize this contract, the parties entered into a summary of terms and conditions for senior construction loan dated August 9, 2020 (the "Term Sheet"). Trivecta Inc. and Argo Mill failed to pay the initial draw and have not provided any funding for the project.

Trivecta Inc. failed to provide the agreed-upon $32 million required to close. On February 22, 2021, Plaintiff demanded the release of its escrowed funds, but First Title refused to release the funds. Plaintiff alleges that, between the time it deposited its escrowed funds and when it made its demand for the release of the funds, Defendants Matthiesen, Trivecta Inc., Trivecta Capital Group, LLC ("Trivecta LLC"), First Title, McGee, and Bacon[2] conspired to fraudulently transfer most of Plaintiff's $4.5 million in

---

[2] On August 30, 2022, Judge Rodriguez granted summary judgment in favor of Plaintiff against Defendants First Title, Inc., Sandra Bacon (the owner and president of First Title), and Chrisheena McGee (an employee of First Title).

3

escrow payments out of the escrow account—without Plaintiff's consent and in violation of the Term Sheet—and ultimately absconded with the funds. These unauthorized transfers included $150,000 to Trivecta LLC and Mint Interest Group LLC ("Mint"), entities also owned by Defendant Matthiesen.

**II. Relevant Procedural Background**

On March 15, 2022, Plaintiff filed its motion for leave to file the Second Amended Complaint. (Dkt. #59.) The Court granted the motion and accepted the Second Amended Complaint for filing on March 23, 2022. (Dkt. ##64, 65.)

On April 6, 2022, the new defendants, Mr. Matthiesen, Trivecta LLC, and Mint, were personally served with the Summons, Second Amended Complaint, and Exhibits. (*See* Dkt. #70, Aff. of Service; *see also* Dkt. #72-1, Aff. of Nicholas Labor, at ¶ 5.) Mr. Matthiesen has responded to the Second Amended Complaint (*see* Dkt. #71), but Trivecta LLC and Mint have not. Plaintiff now seeks default judgment against Trivecta LLC and Mint because they have failed to answer the Second Amended Complaint.

Plaintiff also seeks default judgment against Trivecta Inc. and Argo Mill. On March 16, 2022, the attorneys for Trivecta Inc. and Argo Mill moved to withdraw as counsel. (Dkt. #62). Judge Rodriguez granted the Motion to Withdraw on March 22, 2022 and ordered that:

> Because Defendants Trivecta [Inc.] and Argo Mill are business entities, they are not permitted to appear pro se and must retain counsel. Defendants are permitted thirty (30) days to obtain counsel. *If counsel does not appear on behalf of these Defendants within thirty (30) days, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against them.*

4

(Dkt. #63 (emphasis added).) To date, Trivecta Inc. and Argo Mill have not retained counsel to participate in this lawsuit.[3]

## LEGAL STANDARD

A party may not simply sit out the litigation without consequence. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard"). Ultimately, default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991). Pursuant to Fed. R. Civ. P. 55(a), default may enter against a party who fails to appear or otherwise defend the case brought against it. However, even after an entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *Topp v. Lone Tree Athletic Club, Inc.*, No. 13-cv-01645-WYD-KLM, 2014 WL 3509201, at *3 (D. Colo. July 15, 2014) (citations omitted). Under Fed. R. Civ. P. 55(b), in considering the subject motion, the decision to enter default judgment is committed to the district court's sound discretion. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003). When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits."

---

[3] The Court refers to Trivecta LLC, Mint, Trivecta Inc. and Argo Mill together as the "Defaulting Defendants."

*Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (internal quotation and citation omitted).

Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the Defaulting Defendants and subject matter over the action. *See Williams v. Life Sav. & Loan,* 802 F.2d 1200, 1202–03 (10th Cir. 1986). Next, the Court should consider whether the well-pled allegations of fact—which are admitted by the Defaulting Defendants upon default—support a judgment on the relevant claims. *See Fed. Fruit & Produce Co.*, 2009 WL 765872, at *3 ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.") (citations omitted). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983)). Once the Court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages. *See* Fed. R. Civ. Pro. 55(b)(2).

## ANALYSIS

### I. Jurisdiction

The Court must first satisfy itself that it has subject matter jurisdiction over this case and personal jurisdiction over the Defaulting Defendants. The Court finds that subject matter jurisdiction exists in this case pursuant to 28 U.S.C § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interests and costs. (*See* Dkt. #65 at 1–2, ¶¶ 1–10; *see also* Dkt. #65-1.) The Court may exercise personal jurisdiction over the Defaulting Defendants because

they transacted business in the state of Colorado and had sufficient minimum contacts with the state. *See* Colo. Rev. Stat § 13-1-124(1)(a); *Haliburton Co. v. Texana Oil Co., Inc.*, 471 F. Supp. 1017, 1019 (D. Colo. 1979) (holding that exercise of personal jurisdiction is proper where transaction forming basis for the action took place in Colorado and caused important business consequences to occur in Colorado). Further, Plaintiff has plausibly alleged that the Defaulting Defendants (as well as Defendants Matthiesen, First Title, McGee and Bacon) engaged in tortious conduct, including a civil conspiracy, causing injury in Colorado. *See* Colo. Rev. Stat. § 13-1-124(b); *Wenz v. Memery Crystal,* 55 F.3d 1503, 1507 (10th Cir. 1995) ("Colorado courts have held that the [long-arm] statute may be satisfied when (1) tortious conduct occurs in Colorado, or (2) when tortious conduct initiated in another state causes injury in Colorado.") (citing *Classic Auto Sales, Inc. v. Schocket,* 832 P.2d 233, 235–36 (Colo. 1992)); *accord AST Sports Sci. v. CLF Distrib*, 514 F.3d at 1061 (noting that it is sufficient for purposes of Colorado's long arm statute "'when only the resulting injury occurs'" in Colorado (quoting *Classic Auto Sales*, 832 P.2d at 233)).

## II. Default Judgment

### A. Default Against Trivecta LLC and Mint for Unjust Enrichment

Plaintiff's ninth claim for relief is for unjust enrichment against Trivecta, LLC and Mint based on the allegations that these entities received and transferred at least $150,000 of Plaintiff's escrowed funds. These entities have failed to respond to the Second Amended Complaint, so all well-pled allegations against them are deemed true.

The Court finds that Plaintiff has plausibly alleged a claim for unjust enrichment against Trivecta LLC and Mint. "A person is unjustly enriched when he benefits as a result of an unfair detriment to another." *Lewis v. Lewis*, 189 P.3d 1134, 1141 (Colo.

7

2008) (en banc) (citing *Salzman v. Bachrach*, 996 P.2d 1263, 1265 (Colo. 2000) (en banc)). "The proper remedy upon a finding of unjust enrichment is to restore the harmed party 'to the position he formerly occupied either by the return of something which he formerly had or by the receipt of its monetary equivalent.'" *Id.* at 1141 (quoting Restatement (First) of Restitution § 1, cmt. a). "The scope of the remedy is broad, cutting across both contract and tort law, with its application guided by the underlying principle of avoiding the unjust enrichment of one party at the expense of another." *Robinson v. Colo. State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008). "[A] party claiming unjust enrichment must prove that (1) the defendant received a benefit, (2) at the plaintiff's expense, (3) under circumstances that would make it unjust for the defendant to retain the benefit without commensurate compensation." *Lewis*, 189 P.3d at 1141. Unjust enrichment "does not depend on any contract, oral or written," and "does not require any promise or privity between the parties." *Salzman*, 996 P.2d at 1265.

  Here, Plaintiff alleges that, after inducing Plaintiff to deposit its funds with First Title, Mr. Matthiesen directed First Title to transfer $150,000 to his entity Trivecta LLC. Trivecta LLC then transferred those funds to Mint, another one of Mr. Matthiesen's entities. Through its affidavits and exhibits, and via live testimony at the evidentiary hearing, Plaintiff traced the $150,000 from First Title to Trivecta LLC, and from Trivecta LLC to Mint. Neither Trivecta LLC nor Mint had any entitlement to the funds, and allowing them to keep those funds would be unjust.

  Thus, the Court finds that Mint and Trivecta LLC unjustly received a benefit from Plaintiff, and Plaintiff is entitled to default judgment of $150,000.

**B. Default Against Trivecta Inc. and Argo Mill for Breach of Contract**

On March 22, 2022, Judge Rodriguez granted Trivecta Inc. and Argo Mill's former attorney's motion to withdraw as counsel, and ordered that these entities to retain counsel within 30 days. To date, neither entity has obtained counsel.

The Court finds that Plaintiff has plausibly alleged a breach of contract claim against Trivecta Inc. and Argo Mill.[4] "Under Colorado law, a breach of contract claim has four elements: '(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff.'" *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., LLC*, 887 F.3d 1003, 1017–18 (10th Cir. 2018) (quoting *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)).

The contracts at issue for this claim are the Construction Loan Agreement and the Term Sheet. Accepting the well-pled allegations in the Second Amended Complaint as true, Plaintiff performed its obligations under the relevant agreements by depositing $4.5 million into the escrow account at First Title. Trivecta Inc. and Argo Mill breached the agreements by failing to deposit $32 million into escrow; failing to loan Plaintiff any money; and by Trivecta Inc. conspiring with the remaining Defendants to steal much of Plaintiff's $4.5 million. As a result of these breaches, Plaintiff's gondola project was never funded, and Defendants absconded with $4,356,532.97 of the $4.5 million investment.

---

[4] Plaintiff also asserts a promissory estoppel claim against Trivecta Inc. and Argo Mill. Because the Court grants default judgment on the breach of contract claim, it need not address the duplicative promissory estoppel claim. Though a plaintiff may plead both claims in the alternative, *see Bus. Payment Sys., LLC v. Bus. Payment Sys.-Rocky Mountain, LLC*, No. 12-CV-01695-RBJ-KLM, 2013 WL 12192486, at *11 (D. Colo. Feb. 20, 2013), it may not recover on both.

### C. Default Against Trivecta Inc. and Trivecta LLC for Civil Conspiracy

Finally, the Court finds that Plaintiff has plausibly alleged a claim for civil conspiracy against Trivecta Inc. and Trivecta LLC based on their scheme (along with Defendants Matthiesen, First Title, McGee, and Bacon) to defraud Mighty Argo out of its $4.5 million.

To establish a civil conspiracy claim, Plaintiff must allege: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as to the proximate result." *Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995) (citing *Jet Courier Serv., Inc. v. Mulei*, 771 P.2d 486, 502 (Colo.1989)). Under Colorado law, civil conspiracy is a derivative cause of action, not an actionable claim in and of itself." *Johnstown Feed & Seed, Inc. v. Cont'l W. Ins. Co.*, 641 F. Supp. 2d 1167, 1183 (D. Colo. 2009). "[T]he essence of a civil conspiracy claim is not the conspiracy itself, but the actual damages resulting from the acts done in furtherance of the conspiracy." *Resol. Tr. Corp. v. Heiserman*, 898 P.2d 1049, 1055 (Colo. 1995). "If the acts alleged to constitute the underlying wrong provide no cause of action, then there is no cause of action for the conspiracy itself." *Double Oak Const., L.L.C. v. Cornerstone Dev. Intern., L.L.C.*, 97 P.3d 140, 146 (Colo. App. 2003). "[T]he elements for a civil conspiracy claim require that the underlying acts be unlawful and create an independent cause of action." *Id.* Though a civil conspiracy claim requires underlying tortious conduct, Plaintiff need not specifically plead the underlying tortious conduct as a separate cause of action. So long as the factual allegations would support a tort claim, the civil conspiracy claim can proceed.

Based on the allegations in the Second Amended Complaint, Plaintiff has plausibly alleged these entities conspired to induce Plaintiff to deposit its $4.5 million

into escrow with First Title and then stole the funds by transferring most of it out of the escrow accounts. Further, these entities conspired by concealing the location of the funds through the use of Trivecta LLC, pushing back the transaction's closing date to allow more time to conceal the funds, altering a bank statement to show proof of funds and delaying Plaintiff's recovery, and failing to disclose the true status of the funds. Thus, the Second Amended Complaint sufficiently alleges tortious conduct by Trivecta Inc and Trivecta LLC, including fraudulent inducement and fraudulent concealment, supporting the civil conspiracy claim. As a result of the conspiracy, Plaintiff has been damaged in the amount of $4,356,532.97.

### III. Damages

The Court further finds that a default judgment should be entered for the sum certain damages that Plaintiff seeks. Actual proof must support any default judgment for money damages. See *Klapprott v. U.S.*, 335 U.S. 601, 611–12 (1949). Moreover, the amount of damages must be ascertained before a final default judgment can be entered against a party. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D.Colo.1984) (citing 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2692 at 465–66 (1983)).

As set forth above, Plaintiff has provided actual proof that Defendants Trivecta LLC and Mint have been unjustly enriched in the amount of $150,000. Plaintiff is also entitled to prejudgment interest in the amount of $18,801.64. This amount is calculated as 8% of $150,000 from October 21, 2020 (the date when Trivecta LLC received the stolen funds) through May 16, 2020 (the date when the Motion for Default Judgment was filed). Thus, Trivecta LLC and Mint are liable, jointly and severally, for $168,801.64.

Further, default judgment in the total amount of $4,356,532.97 should enter against Defendants Trivecta Inc. and Argo Mills, jointly and severally, for Plaintiff's

breach of contract claim and against Trivecta LLC and Trivecta Inc, jointly and severally, for Plaintiff's civil conspiracy claims. Plaintiff is also entitled to prejudgment interest in the amount of $529,945.38. This amount is calculated as 8% of $4,356,532.97 accrued from November 4, 2020 (the date that the full $4.5 million was deposited into escrow) through May 16, 2022.

For clarity, the damages of $4,356,532.97 as damages for both the breach of contract and civil conspiracy claims are duplicative. As Plaintiff concedes (Dkt. #72 at 5), Plaintiff is not entitled to double recovery. Plaintiff may only recover $4,356,532.97 total against Trivecta LLC, Trivecta Inc., and Argo Mill. Further, to the extent Plaintiff recovers any of the $168,801.64 for the unjust enrichment claim against Trivecta LLC or Mint, such amount must be deducted from the $4,356,532.97 available against the other Defaulting Defendants. Further, Mint's damages are capped at $168,801.64, as it is not named as a defendant with respect to the breach of contract and civil conspiracy claims.

Plaintiff does not seek an award of its attorneys' fees, so the court does not address or recommend an award of any such amount at this time.

## RECOMMENDATION

In light of the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Motion for For Default Judgment Against Trivecta Capital Group, LLC, Mint Interest Group, LLC, Trivecta Capital Group, Inc., and Argo Mill SL, LLC (Dkt. #72) be **GRANTED** and default judgment should enter in favor of Plaintiff

(a) on its claim for unjust enrichment against Defendants Trivecta Capital Group, LLC and Mint Interest Group, LLC, jointly and severally, for a total of $168,801.64 including $150,000.00 in actual damages and $18,801.64 in prejudgment interest at 8% from October 21, 2020 through May 16, 2022;

(b) on its claim for breach of contract against Defendants Trivecta Capital Group, Inc. and Argo Mill SL, LLC, jointly and severally, for a total of $4,886,478.35, including $4,356,532.97 in actual damages and $529,945.38 in prejudgment interest at 8% from November 4, 2020 through May 16, 2022;

(c) on its claim for civil conspiracy against Defendant Trivecta Capital Group, Inc and Trivecta Capital Group, LLC for a total of for a total of $4,886,478.35, including $4,356,532.97 in actual damages and $529,945.38 in prejudgment interest at 8% from November 4, 2020 through May 16, 2022; and

(d) for post-judgment interest.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:    September 9, 2022
          Denver, Colorado                          N. Reid. Neureiter
                                                  United States Magistrate Judge