IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-CV-01106-RMR-NRN

MIGHTY ARGO CABLE CAR, LLC,
a Colorado limited liability company

        Plaintiff,

v.

TRIVECTA CAPITAL GROUP, INC; ARGO MILL SL LLC; JAY MATTHIESEN, an individual; TRIVECTA CAPTIAL GROUP, LLC; MINT INTEREST GROUP, LLC; FIRST TITLE, INC., SANDRA BACON, an individual; and CHRISHEENA SHANTE MCGEE a.k.a. Christina Marius, an individual.

        Defendants.

## MIGHTY ARGO'S OPPOSITION TO DEFENDANT MATTHIESEN'S MOTION TO AMEND SCHEDULING ORDER TO EXTEND DEADLINES

Plaintiff Mighty Argo Cable Car, LLC ("Mighty Argo") opposes Defendant Jay Matthiesen's ("Matthiesen") Motion to Amend Scheduling Order and Extend Discovery.

### INTRODUCTION

Matthiesen argues he has "not had a fair opportunity to engage in discovery" because he was *pro se*. Matthiesen states he was without legal counsel from March - August 2022. He represents that he has "managed" to participate to date "even without counsel." Matthiesen's representations are disingenuous.

Upon information and belief, every pleading Matthiesen has submitted to date has been drafted with the assistance of counsel. A cursory review of his Answer (Dkt. 71), Motion for Protective Order (Dkt. 80), and Discovery Responses show they were drafted by an attorney. This

1

is not a situation where Matthiesen recently retained counsel. While Matthiesen's counsel Ms. Biederman entered her appearance August 25, 2022, Ms. Biederman has been contacting Mighty Argo's counsel concerning this case since April 2022.

Even if Matthiesen has not utilized counsel the past five months, his delay in retaining counsel precludes him from essentially restarting the entire discovery process. Matthiesen has known he needed counsel since March 2022 when Mighty Argo moved to amend its Complaint to name him individually.

Matthiesen's Motion does not comply with the Practice Standards or the Local Rules. The Motion seeks to extend deadlines already passed; it does not state the total number of extensions previously sought; and was not contemporaneously served upon the client. Furthermore, the Motion uses the wrong standard of proof. Five of the six deadlines Matthiesen seeks to extend have passed. The motion is thus governed by "excusable neglect" not "good cause."

Mighty Argo's counsel is sensitive to new counsel joining a case. That is not the case here. Since Matthiesen had counsel assisting him the entire time, and because he waited five months to retain counsel, Mighty Argo must object.

**ARGUMENT**

**I.      Matthiesen uses the wrong standard to obtain an extension.**

Matthiesen argues he established "good cause" sufficient to amend the Scheduling Order under Fed. R. Civ. P. 16(b)(4). Matthiesen cites the incorrect standard governing extensions of time. Under Fed. R. Civ. P. 6(b)(a)(B), the Court may only extend time after a deadline has passed if the moving "party failed to act because of excusable neglect." Five of the six deadlines that

Matthiesen seeks to extend have expired. *Motion for Enlargement,* at 5 (Dkt. 98); *Minute Order setting deadlines* (Dkt. 64).

## II.     Matthiesen Has Failed to Meet His Burden of Proof.

Matthiesen has not shown that his neglect should be excused. This Court has adopted the excusable neglect standard originally set forth by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 113 S.Ct. 1489, 123 L. Ed. 2d 74 (1993). In determining whether the excusable neglect standard has been met, a Court should consider the following factors: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it is within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Id* at 395. Matthiesen analyzed none of these elements in his Motion. Each element favors Mighty Argo.

### A. Matthiesen Did Not Act in Good Faith and the Delay was of His Own Making. (Factors 3 & 4)

Matthiesen argues he "has not had a fair opportunity to engage in discovery" because he did not have counsel. He represents to this Court that he has been completely without counsel from March – August 2022. *Motion for Enlargement,* at 4. This is now the third time Matthiesen has used this excuse. He used it in his Motion for Protective Order, used it to obtain repeated extensions to discovery responses, and uses it in his present Motion to Amend the Scheduling Order.

However, every pleading Matthiesen has filed in this case was drafted with the assistance of counsel. This starts with Matthiesen's Answer to the Second Amended Complaint. (Dkt. 71, filed May 5. 2022). A quick scan of the Answer shows it was ghostwritten by an attorney. The Answer is a carefully curated response that parsed facts, stated elaborate objections, and listed over a dozen affirmative defenses. *Id.*

3

Matthiesen's Discovery Responses also indicate they were ghostwritten by an attorney. In June 2022, Matthiesen responded to Request for Production of Documents making legal objections such as:

> **RESPONSE:** Defendant objects to this Request to the extent that it seeks the production of communications and/or documents protected by the attorney-client or work product privileges. Defendant further objects to this Request to the extent that it seeks copies of documents that have previously been produced to the Plaintiff by Defendant and/or his companies (Trivecta Capital Group, Inc., Trivecta Capital Group, LLC, Argo Mill SL, LLC and Mint Interest Group, LLC). Subject to the foregoing objections, the documents will be produced, if they exist.

Matthiesen's Requests for Admissions likewise showed indicia of being drafted by counsel, including objections such as:

> **RESPONSE:** Defendant objects to this Request as vague and confusing; Defendant is unsure what the Plaintiff means by "arranged." Subject to the foregoing objection, Defendant admits he told Plaintiff that Champion Lending was requesting that Plaintiff escrow its funds with First Title Inc.

Likewise, on July 7, 2022, Matthiesen filed a Motion for Protective Order (Dkt. 80). The Motion for Protective Order was a detailed and complex analysis of federal case law and the Rules of Civil Procedure governing Protective Orders.

Most glaringly, the Motion for Protective Order contained an unusually-high number of footnotes. *See*, *Motion for Protective Order* (Dkt. 80, containing 7 lengthy footnotes). The only other place the undersigned has seen that many footnotes is in the present Motion for Extension of time filed by Matthiesen's present counsel, Christine Biederman. (*See*, Dkt. 98, containing 16 footnotes). Upon information and belief, Ms. Biederman assisted in drafting the Motion for Protective Order but did not disclose her assistance pursuant to Rule 11. (Compare Dkt. 80 [7 footnotes] with Dkt. 98 [16 footnotes]); *see also,* Fed. R. Civ. P. 11 ("Every pleading, written

4

motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name[.]"). The Tenth Circuit has determined:

> **the failure of an attorney to acknowledge the giving of advice by signing his name constitutes a misrepresentation to this court by both the litigant and attorney. For these reasons, we have held any ghostwriting of an otherwise *pro se* brief must be acknowledged by the signature of the attorney involved.**

*Barnett v. LeMaster*, 12 Fed. Appx. 774, 778 (10th Cir. 2001) (emphasis added).

While Ms. Biederman waited to enter her appearance until August 25, 2022, Matthiesen has been consulting with her for months. Over five months ago, the undersigned received a voicemail from Ms. Biederman concerning Mr. Matthiesen and this case. *See,* e-mail receipt of voicemail from Christine Biederman, dated April 14, 2022, attached as Exhibit 1. Ms. Biederman then spoke with Mr. Leffert of undersigned's office about this case. The undersigned received another voicemail from Ms. Biederman on June 29, 2022. *See*, e-mail receipt of voicemail from Christine Biederman, dated June 29, 2022, attached as Exhibit 2. This time, the undersigned and Ms. Biederman discussed that Mr. Matthiesen could not locate the discovery requests propounded on him, to which undersigned sent another copy. Then, on August 24, 2022, Ms. Biederman defended Matthiesen's deposition. This was prior to any entry of appearance.

Mr. Matthiesen cannot utilize an attorney for months, and then seek to reset discovery under the guise of lacking counsel. Matthiesen's plea that he "had no idea that he needed to conduct his own discovery or even seek to amend the Court's scheduling deadlines" does not explain how he understood that he could move for a protective order, how he knew what affirmative defenses to list, or how he knew what legal objections to make in his discovery responses. Courts have expressed their concern with attorneys who "guide the course of the litigation with an unseen hand." *Duran v. Carris,* 238 F.3d 1268, 1271 (10th Cir.2001) (quotation marks, alterations and

citation omitted). The concern stems from the undue advantage gained when unidentified attorneys author "*pro se*" pleadings. *Barnett v. LeMaster*, 12 Fed. Appx. 774, 778 (10th Cir. 2001).

Even ignoring the legal assistance Matthiesen received, he provides no excuse for why he waited five months to retain legal counsel. Even during the May 17, 2022, status conference with the Court, Matthiesen assured the Court that he was retaining counsel immediately. He did not. His delay does not amount to good cause or excusable neglect necessary to amend the Scheduling Order and extend discovery.

If Matthiesen asked Ms. Biederman enter her appearance back in April, there would be no need to extend discovery. Instead Matthiesen, in what appears to have been a deliberate act, violated the Rules of Civil Procedure and attempted to disadvantage his opponent by consulting with counsel for months while filing his pleadings "*pro se*." Because the alleged delay was within Matthiesen's control, the Motion to Amend the Scheduling Order should be denied. *See, City of Chanute, Kan. v. Williams Nat. Gas Co*., 31 F.3d 1041, 1045–46 (10th Cir. 1994) (the third factor—"fault in the delay"—is "perhaps the most important single factor . . . in determining whether neglect is excusable.") (*citing United States v. Andrews*, 790 F.2d 803, 806 (10th Cir. 1986)).

### B. Danger of Prejudice on Mighty Argo and the Delay on Judicial Proceedings. (Factors 1 & 2)

Mighty Argo has been accommodating Matthiesen's lack of counsel argument for nearly five months. Mighty Argo waited months to issue discovery requests and take his deposition to give Matthiesen time to obtain counsel. When it became clear that Matthiesen was utilizing an attorney to ghostwrite his pleadings while not having the counsel enter their appearance, Mighty Argo issued formal discovery and noticed his deposition.

Matthiesen refused to sit for his deposition and filed a Motion for Protective Order. The Motion appeared to be drafted by counsel yet ironically argued that he could not be deposed because he had no counsel. Matthiesen also requested numerous extensions on his discovery responses only to disclose scores of documents before the deposition without enough time to review and inquire about them.

It is prejudicial to Mighty Argo that it cannot rely on any type of deadline with Matthiesen and is constantly required to defend pleadings drafted by counsel while Matthiesen continues to play the "*pro se*" card. Further discovery is not needed; it would only serve to prejudice Mighty Argo with further litigation costs.

The requested delay of 30-90 days will significantly delay these proceedings. The case is not in its early stages. In fact, the only remaining deadline left when Matthiesen filed his Motion was discovery cutoff, which expired on the day Matthiesen filed. Matthiesen seeks to essentially restart the discovery process with little thought to the impact on the judicial proceeding or Mighty Argo. Matthiesen's Motion to Amend the Scheduling Order should be denied.

### III. Matthiesen's Motion Does Not Comply with the Practice Standards or the Local Rules.

Matthiesen disregards mandatory conditions to obtain an extension of time. Judge Rodriguez's Practice Standards require motions for extension to be filed "as far in advance of the deadline or setting as possible." *See* Practice Standards (Civil Cases) III(D)(2). Five of the six deadlines that Matthiesen seeks to extend have expired. *Motion for Enlargement,* at 5 (Dkt. 98); *Minute Order setting deadlines* (Dkt. 64). Matthiesen's motion should be denied on this basis alone.

The only deadline remaining was discovery cutoff which expired on the day Matthiesen filed his Motion. In fact, discovery cutoff was already extended due to Matthiesen's refusal to sit for his deposition. *See Joint Motion to Extend* (Dkt. 86). The Parties addressed Matthiesen's "lack of counsel" concern and agreed that Discovery Cutoff will be August 31, 2022. *Id.*

The Practice Standards further require the Certificate of Service to affirm that the Motion for Extension was served on the client. Practice Standards (Civil Cases) III(D)(3); *see also* D.C.COLO.LCivR 6.1(c) ("When a stipulation or motion for extension of time or continuance is filed, it shall be served contemporaneously by counsel on his or her client."). The Certificate of Service indicates that it was not served on Matthiesen.

Finally, Local Rule 6.1(b) required the moving party to state the total number of extensions or continuances granted previously. The Motion for Extension is silent on this issue, yet Matthiesen previously sought an extension through the joint motion. *See Joint Motion to Extend* (Dkt. 86).

Matthiesen's failure to follow Judge Rodriguez's Practice Standards or the Local Rules requires denial of his Motion to Amend the Scheduling Order.

## CONCLUSION

Matthiesen cannot utilize counsel while extending deadlines due to lack of counsel. Allowing that would set a precedent for *pro se* litigants to game the system. It would also take advantage of the courtesies often extended to *pro se* litigants by the court and opposing counsel. Matthiesen demonstrates neither excusable neglect nor good cause to amend the Scheduling Order. The delay was of his own self-making, if not deliberate. Should this Court entertain granting the Motion to Amend the Scheduling Order in any degree, Matthiesen should be required to disclose

what assistance he has received from counsel since he was served with the Second Amended Complaint.

Respectfully submitted this 19th day of September 2022.

**ROBINSON WATERS & O'DORISIO, P.C.**

*/s/ Nicholas F. Labor*
Anthony L. Leffert, #12375
Nicholas F. Labor, #48687

**CERTIFICATE OF FIILNG AND SERVICE**

  I hereby certify that on this 19th day of September 2022, I delivered a true and correct copy of the foregoing to the following:

| | |
|---|---|
| Christine Cole-Biederman<br>Texas State Bar no. 04536600<br>The Law Office of Christine Cole-Biederman<br>2808 Fairmount Street, Suite 130<br>Dallas, Texas 75201<br>Phone: 214-232-2532<br>Email: christinebiederman@yahoo.com<br>*Attorney for Defendant Jay Matthiesen, Individually* | THE DEYON LAW GROUP, PLLC<br>Derek H. Deyon<br>440 Louisiana Street, Suite 900<br>Houston, Texas 77002<br>ddeyon@deyonlawgroup.com<br>*Attorney for First Title, Inc. and Sandra Bacon and Chrisheena Shante McGee a.k.a. Christina Marius* |
| Trivecta Capital Group, Inc.<br>2808 Fairmount St., Suite 130<br>Dallas, TX 75201 | Argo Mill SL LLC<br>2808 Fairmount St., Suite 130<br>Dallas, TX 75201 |
| Trivecta Capital Group, LLC<br>2808 Fairmount St., Suite 130<br>Dallas, TX 75201 | Mint Interest Group, LLC<br>8200 San Benito Way,<br>Dallas, Texas 75218 |

             */s/ Nina Olson*
             Nina Olson